# EXHIBIT B

Cause No. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, FOR | § | |
| THE USE AND BENEFIT OF | § | 296TH JUDICIAL DISTRICT |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| and STi REAL ESTATE, LLC | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## **INDEX OF DOCUMENTS FILED IN STATE COURT**

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION | 02/16/17 |
| 2. | RETURN OF SERVICE – STi REAL ESTATE, LLC (POP) | 03/06/17 |
| 3. | RETURN OF SERVICE – STi FAMILY MANAGEMENT, LLC (POP) | 03/07/17 |
| 4. | AMENDED RETURN OF SERVICE – KEVIN ROSS (POP) | 03/07/17 |
| 5. | AMENDED RETURN OF SERVICE – KEVIN ROSS (TRO) | 03/07/17 |
| 6. | AMENDED RETURN OF SERVICE – KEVIN ROSS, TRUSTEE (POP) | 03/07/17 |
| 7. | AMENDED RETURN OF SERVICE – KEVIN ROSS, TRUSTEE (TRO) | 03/07/17 |
| 8. | AMENDED RETURN OF SERVICE – STi FAMILY HOLDINGS, LP (TRO) | 03/07/17 |
| 9. | AMENDED RETURN OF SERVICE – STi REAL ESTATE, LLC (TRO) | 03/07/17 |
| 10. | AMENDED RETURN OF SERVICE – STi FAMILY MANAGEMENT, LLC (TRO) | 03/07/17 |
| 11. | RETURN OF SERVICE – KEVIN ROSS, INDIVIDUALLY (TRO) | 03/10/17 |
| 12. | RETURN OF SERVICE – STi REAL ESTATE, LLC (TRO) | 03/10/17 |

| 13. | RETURN OF SERVICE – STI FAMILY HOLDINGS, LP (TRO) | 03/10/17 |
| 14. | RETURN OF SERVICE – STI FAMILY MANAGEMENT, LLC (TRO) | 03/10/17 |
| 15. | RETURN OF SERVICE – KEVIN ROSS, TRUSTEE (TRO) | 03/13/17 |
| 16. | ANSWER OF KEVIN ROSS, INDIVIDUALLY | 03/17/17 |
| 17. | PLAINTIFF'S FIRST AMENDED PETITION | 04/18/17 |
| 18. | AFFIDAVIT OF KEVIN ROSS | 08/02/17 |
| 19. | ANSWER OF DEFENDANTS MATTHEW G. LANDGRAF AND KEVIN M. ROSS, TRUSTEE FOR THE USE AND BENEFIT OF MATTHEW G. LANDGRAF TO PLAINTIFFS' FIRST AMENDED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER | 10/10/17 |
| 20. | NOTICE OF SET ASIDE OF FEDERAL JUDGMENT | 11/16/17 |
| 21. | ORDER GRANTING TEMPORARY INJUNCTION IN PART AND DENYING TEMPORARY INJUNCTION IN PART | 04/16/18 |
| 22. | CERTIFICATE OF ADDITIONAL CASH DEPOSIT IN LIEU OF SURETY BOND | 04/24/18 |
| 23. | ORDER OF WITHDRAWAL OF COUNSEL (MATTHEW GILMARTIN) | 01/22/19 |
| 24. | PLAINTIFFS' MOTION TO ABATE PENDING ADJUDICATION OF UNDERLYING CLAIM | 02/14/19 |
| 25. | ORDER GRANTING MOTION TO ABATE | 02/14/19 |
| 26. | ORDER OF WITHDRAWAL OF COUNSEL (MICHAEL WESTON) | 02/21/19 |
| 27. | SUGGESTION OF BANKRUPTCY | 03/27/19 |
| 28. | ORDER OF DISMISSAL OF WANT OF PROSECUTION | 12/15/22 |
| 29. | PLAINTIFFS' MOTION TO REINSTATE | 01/13/23 |
| 30. | ORDER GRANTING REINSTATEMENT | 01/19/23 |

# TAB 1

Filed: 2/16/2017 4:45:24 PM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 15371154

Cause No. ___296-00801-2017___

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | 296TH JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, FOR | § | |
| THE USE AND BENEFIT OF | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| and STi REAL ESTATE, LLC | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

TO THE HONORABLE COURT:

M.B., I.B. and J.S. ("Plaintiffs") complain of Matthew Guy Landgraf ("Landgraf"), Kevin M. Ross, Trustee, for the use and benefit of Matthew Guy Landgraf ("Landgraf Trust"), Kevin M. Ross, Individually ("Ross"), STi Family Holdings, LP ("STi – LP"), STi Family Management, LLC ("STi – GP") and STi Real Estate, LLC ("STi Real Estate"), Defendants, and for causes of action would show:

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 1 of 16
ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 5 of 276

**I.**

## DISCOVERY CONTROL PLAN

1.1    Plaintiffs seek monetary relief over $1,000,000.  Therefore, this suit is subject to a Level 3 Discovery Control Plan.

## II.
## PARTIES AND SERVICE

2.1    Plaintiff, M.B. is an individual and a resident of the State of Florida.

2.2    Plaintiff, I.B. is an individual and a resident of the State of California.

2.3    Plaintiff, J.S. is an individual and a resident of the State of Texas.

2.4    Defendant, Matthew Guy Landgraf, an individual and a resident of the State of Texas, may be served with process by delivering citation and a copy of this petition to this Defendant at the Federal Bureau of Prisons, FCI Fort Worth, 3150 Horton Road, Fort Worth, Texas 76119.

2.5    Defendant, Kevin M. Ross, Trustee, for the use and benefit of Matthew Guy Landgraf, an individual and a resident of the State of Texas, may be served with process by delivering citation and a copy of this petition to this Defendant at 1603 Lyndon B. Johnson Freeway, Suite 280 Dallas, Texas 75234.

2.6    Defendant, Kevin M. Ross, Individually, an individual and a resident of the State of Texas, may be served with process by delivering citation and a copy of this petition to this Defendant at 1603 Lyndon B. Johnson Freeway, Suite 280 Dallas, Texas 75234.

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 2 of 16
ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 6 of 276

2.7     Defendant STi Family Holdings, LP is a Texas limited partnership and may be served with process by delivering citation and a copy of this petition to Kevin M. Ross, its registered agent, at 1603 Lyndon B. Johnson Freeway, Suite 280 Dallas, Texas 75234.

2.8     Defendant STi Family Management, LLC is a Texas limited liability company and may be served with process by delivering citation and a copy of this petition to Kevin M. Ross, its registered agent, at 1603 Lyndon B. Johnson Freeway, Suite 280 Dallas, Texas 75234.

2.9     Defendant STi Real Estate, LLC is a Texas limited liability company and may be served with process by delivering citation and a copy of this petition to Kevin M. Ross, its registered agent, at 1603 Lyndon B. Johnson Freeway, Suite 280 Dallas, Texas 75234.

### III.
### JURISDICTION AND VENUE

**A.     General Jurisdiction.**

3.1     The subject matter in controversy is within the jurisdictional limits of this court.

3.2     This court has jurisdiction over Defendant Matthew Guy Landgraf because he is a Texas resident, and by virtue of a judgment entered against him in Cause No. 296-02629-2016.

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 3 of 16**
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 7 of 276

3.3     This Court has jurisdiction over Defendant Kevin M. Ross, Trustee, for the use and benefit of Matthew Guy Landgraf because he is a Texas resident.

3.4     This Court has jurisdiction over Defendant Kevin M. Ross, Individually, because he is a Texas resident.

3.5     This court has jurisdiction over Defendant STi Family Holdings, LP because it is a domestic limited partnership.

3.6     This court has jurisdiction over Defendant STi Family Management, LLC because it is a domestic limited liability company.

3.7     This court has jurisdiction over Defendant STi Real Estate, LLC because it is a domestic limited liability company.

**B.     Venue.**

3.8     Venue in Collin County is proper in this cause under Sections 15.002 and 15.005 of the Texas Civil Practice and Remedies Code.

**IV.**
**VIOLATION OF UNIFORM FRAUDULENT TRANSFER ACT**

4.1     On **March 22, 2012**, Defendant Landgraf was arrested in connection with charges of production of child pornography.   Defendant Landgraf was subsequently indicted **April 12, 2012** on two counts of production of child pornography involving Plaintiff M.B.  A true and correct copy of the indictment is attached hereto as Exhibit "A" and incorporated herein by reference.  Although not named in the criminal case, Plaintiffs I.B. and J.S. were also victims of Defendant

PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - **Page 4 of 16**
ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION
TEXAS-#144859v1-10363/365700

Page 8 of 276

Landgraf's criminal conduct.  At the time of his arrest and indictment, Defendant Landgraf was married to Plaintiffs M.B. and I.B.'s mother.  Defendant Landgraf pled guilty to the offenses charged and an Order finding Defendant Landgraf guilty was entered **November 13, 2012**.  A true and correct copy of the Order is attached hereto as Exhibit "B" and incorporated herein by reference.  A judgment of conviction was entered and Defendant Landraf was finally sentenced on **November 21, 2013** to 180 months (15 years) in prison and was ordered to surrender to the Federal Bureau of Prisons on **January 21, 2014**.  A true and correct copy of the Judgment in a Criminal Case is attached hereto as Exhibit "C" and incorporated herein by reference.  At the time of his arrest, Defendant Landgraf knew or should have known the Plaintiffs' civil claims against him had accrued.

4.2    As of the date of his arrest, Defendant Landgraf owned the following real property:

| No. | County | Common Description | Legal Description |
|-----|--------|--------------------|--------------------|
| 1 | Dallas | 9210 Miles Road Rowlett, Texas 75089[1] | *See* Exhibit "D" attached hereto and incorporated herein. |

---

[1]  Public records indicate that Defendant Landgraf's step-father, W.N. Nichols, owns a Life Estate in this property and Defendant Landgraf owned the Remainder at the time of his arrest.

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY** - Page 5 of 16
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

| No. | County | Common Description | Legal Description |
|-----|--------|--------------------|-------------------|
| 2 | Dallas | 9214 Miles Road<br>Rowlett, Texas 75089 | *See* Exhibit "E" attached hereto and incorporated herein. |

4.3    On or about **April 2, 2013**, Defendant Landgraf created the Landgraf Revocable Trust.  Shortly thereafter, on **July 22, 2013**, Defendant Landgraf also formed STi Family Holdings, LP, STi Family Management, LLC and STi Real Estate, LLC (referred to collectively herein as the "Entity Defendants"). Defendant Landgraf made certain capital contributions to the Entity Defendants. Defendant Landgraf may have transferred other assets to the Entity Defendants. Upon information and belief, Defendant Landgraf transferred his ownership interests in the Entity Defendants, in whole or in part, to Defendant Landgraf Trust on or about **July 30, 2013**.  Thereafter on **August 26, 2014**, Defendant Landgraf transferred his ownership interests in the property described in the preceding paragraph by executing deeds conveying title to Defendant Landgraf Trust.  *See* Exhibits "F" and "G" attached hereto and incorporated herein.

4.4    Plaintiffs filed suit in Case No. 4:14-cv-00708 against Defendant Landgraf in the United States District Court for the Eastern District of Texas on November 7, 2014 alleging damages and injuries sustained as the result of Defendant Landgraf's criminal and tortious conduct that ultimately led to his

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 6 of 16
ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 10 of 276

incarceration.  A Final Default Judgment was entered by the Court on April 6, 2016, a true and correct copy of which is attached hereto as Exhibit "H." Thereafter, the Judgment was registered in state court in the 296th District Court, Collin County, Texas in Cause No. 296-02629-2016.  This judgment became final on July 26, 2016 and is a valid and subsisting judgment.

4.5    Defendant Landgraf transferred the property described above with the intent to delay, hinder and defraud the Plaintiffs and others similarly situated. Defendant Landgraf transferred the property with the intent of preventing the Plaintiffs and others similarly situated from obtaining collection of their claims described above.  Additionally, Defendant Landgraf created the Landgraf Trust to hide his assets and perpetrate a fraud or injustice on Plaintiffs.  Furthermore, upon information and belief, Defendant Landgraf formed the Entity Defendants for the purpose of secreting his assets and perpetrating a fraud or injustice on Plaintiffs and as part of an unfair device to achieve an inequitable result.  Therefore, the Court should disregard their legal fiction status to prevent their use as a cloak for fraud or to work an injustice.  Defendant Ross is a member of Defendant STi – GP, which is the general partner of Defendant STi – LP and a member of Defendant STi Real Estate.

4.6    The transfer of property to Defendant Landgraf Trust and/or to the Entity Defendants violated the Uniform Fraudulent Transfer Act in that Defendant

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY** - **Page 7 of 16**
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 11 of 276

Landgraf transferred property to the Trust and/or the Entity Defendants with actual intent to hinder, delay, or defraud Plaintiffs and other similarly situated. Alternatively, Defendant Landgraf did not receive a reasonably equivalent value in exchange for the transfers and he intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.   Defendant Landgraf and/or Defendant Ross retained and retain possession or control of the property transferred into the Trust and/or the Entity Defendants.   Moreover, the transfers were of substantially all of Defendant Landgraf's assets, which he attempted to conceal by the transfers, and occurred shortly after a substantial debt was incurred.

4.7    Defendant Landgraf, who was incarcerated during most if not all of the transfers, engaged in the foregoing transfer actions aided and abetted by Defendant Ross and possibly others with full knowledge of Plaintiffs' claims. Additionally, Defendant Ross actively participated in the attempted sale of real property owned by Defendant Landgraf and/or Defendant Landgraf Trust.  In so doing, Defendant Ross conspired to defraud Plaintiffs by knowingly assisting Defendant Landgraf in evading a judgment through fraudulent transfer.

4.8    Plaintiffs are entitled to avoidance of the transfers to the extent necessary to satisfy Plaintiffs' claims and/or attachment of the transferred property and the proceeds from the sale of the transferred property.  Alternatively, Plaintiffs

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 8 of 16
ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 12 of 276

are entitled to appointment of a receiver to take charge of the assets transferred and/or the Entity Defendants, or any other relief the circumstances may require.

4.9    Plaintiffs are also entitled to personal judgment against Kevin M. Ross, Trustee of Landgraf Revocable Trust, U/A/D April 2, 2013 for the value of the property transferred to the Trust, as well as judgment against STi Family Holdings, LP, STi Family Management, LLC and STi Real Estate, LLC for the value of the property transferred to the Entity Defendants and/or Landgraf Trust. Plaintiffs are further entitled to judgment for joint and several liability against Defendant Ross for the value of all assets transferred aided and abetted by Defendant Ross. Plaintiffs are further entitled to have execution issued and levied on the transferred property.

4.10    In addition to other damages, under Business and Commerce Code Section 24.013, Plaintiffs are entitled to costs and reasonable attorney's fees as are equitable and just.

## V.
## IMPOSITION OF CONSTRUCTIVE TRUST

5.1    The Plaintiffs incorporate by reference Sections I-IV above as if set forth at length herein.

5.2    Plaintiffs request the Court impose a constructive trust on all property of whatever kind or character held in the name of the Landgraf Trust or any of the

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 9 of 16**
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 13 of 276

Entity Defendants received by the Defendants as the result of a fraudulent transfer, as well as the proceeds of sale thereof, for the benefit of Plaintiffs.

## VI.
## PUNITIVE/EXEMPLARY DAMAGES

6.1    The Plaintiffs incorporate by reference Sections I-V above as if set forth at length herein.

6.2    Plaintiffs specifically allege that Defendants Landgraf, Landgraf Trust, Ross, STi – LP, STi, STi – GP and STi Real Estate's wrongful conduct complained of above relative to violations of Chapter 24 of the Texas Business and Commerce Code were committed fraudulently and maliciously.    Therefore, Plaintiffs assert claims against Defendants for punitive/exemplary damages at the highest amount allowed by law and without any cap or any other limitations due to Defendants' knowing and/or intentional conduct described in §41.008(c)(10) of the Texas Civil Practice and Remedies Code.

## VII.
## DECLARATORY JUDGMENT ACTION

7.1    A    genuine    controversy    exists    concerning    the    nature    and characterization of the real property owned by Defendants Landgraf and/or Landgraf Trust and made the subject of this lawsuit.    Specifically, the parties disagree whether the real property the subject of this suit constitutes a Homestead, and whether the real property is "urban" or "rural" for purposes of determining the

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY** - Page 10 of 16
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 14 of 276

nature and extent of any Homestead exemption, if any can be claimed on the subject real property, which is denied.

7.2    Plaintiffs request the Court to declare that the real property the subject of this action is not Defendant Landgraf's homestead and is, therefore, non-exempt real property of Defendant Landgraf and/or Defendant Landgraf Trust.    In the alternative, if the Court determines the subject real property is Defendant Landgraf's homestead, Plaintiffs request the Court to declare that the subject real property is an urban homestead rather than a rural homestead.

## VIII.
## REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

8.1    The Plaintiffs require injunctive relief to prevent the Defendants from further alienating and transferring assets, and from encumbering existing assets of Defendants, or assets subject to Defendants control, in violation of the Uniform Fraudulent Transfer Act.

8.2    The Plaintiffs have alleged a cause of action against Defendants arising from a valid and subsisting judgment and have shown a probable right of recovery and likelihood of success on the merits.    Failure to grant the requested relief would allow Defendants to put assets beyond the reach of Plaintiffs and render this litigation ineffectual.    There is no adequate remedy at law and Plaintiffs will suffer imminent, irreparable harm without Court intervention.

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY** - Page 11 of 16
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 15 of 276

8.3    As a direct and proximate result of the Defendants' wrongful actions as alleged in this petition, the Plaintiffs have suffered and will continue to suffer imminent injury that will be irreparable and for which no adequate remedy at law exists without the protections of a temporary restraining order and injunctive relief. The Plaintiffs are willing to post the necessary reasonable bond to facilitate the injunctive relief requested.

8.4    The only adequate, effective, and complete relief to the Plaintiffs is to restrain the Defendants from further engaging in certain proscribed activities, as set forth below.  Pursuant to Tex. R. Civ. P. 680 *et seq*. and Tex. Bus. & Com. Code § 24.008(a)(3)(A), and in order to preserve the status quo during the pendency of this action, the Plaintiffs seek a temporary restraining order, and on hearing, a temporary injunction, ordering and immediately restraining the Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") as follows:

a.    Enjoining the Defendants from directly or indirectly, absolutely or conditionally, voluntarily or involuntarily, disposing of or parting with any assets of the Defendants or any interest in such assets.

b.    Enjoining the Defendants from directly or indirectly, absolutely or conditionally, voluntarily or involuntarily, disposing of or parting with

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY** - **Page 12 of 16**
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 16 of 276

any assets or any interest in such assets over which the Defendants exercise control, directly or indirectly.

c.     Enjoining the Defendants from leasing any assets of the Defendants or any assets over which the Defendants exercise control, directly or indirectly.

d.     Enjoining the Defendants from creating a lien against or encumbering any asset of the Defendants or any assets over which the Defendants exercise control, directly or indirectly.

# IX.
# PRAYER

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer herein and prays for the following relief:

a.     A temporary restraining order, and upon hearing, a temporary injunction for the relief requested above;

b.     Judgment declaring that the transfers from Defendant Matthew Guy Landgraf to Kevin M. Ross, Trustee of Landgraf Revocable Trust, U/A/D April 2, 2013, STi Family Holdings, LP, STi Family Management, LLC, and STi Real Estate, LLC, or between any of them, are avoidable by Plaintiffs and for any other relief appropriate under the circumstances;

c.     Judgment against Defendants Matthew Guy Landgraf, Kevin M. Ross, Trustee of Landgraf Revocable Trust, U/A/D April 2, 2013, Kevin M. Ross, Individually, STi Family Holdings, LP, STi Family Management, LLC, and STi Real Estate, LLC for attachment of the transferred property and the proceeds from the sale of the transferred property;

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY** - Page 13 of 16
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 17 of 276

d.      Alternative judgment appointing a receiver to take charge of the assets transferred and/or the Entity Defendants;

e.      Judgment against Defendant Kevin M. Ross, Trustee of Landgraf Revocable Trust, U/A/D April 2, 2013, for the value of the assets transferred and the proceeds from the sale of the transferred assets;

f.      Judgment against Defendant STi Family Holdings, LP for the value of the assets transferred and the proceeds from the sale of the transferred assets;

g.      Judgment against Defendant STi Family Management, LLC for the value of the assets transferred and the proceeds from the sale of the transferred assets;

h.      Judgment against Defendant STi Real Estate, LLC for the value of the assets transferred and the proceeds from the sale of the transferred assets;

i.      Joint and several judgment against Defendant Kevin M. Ross, Individually, for the value of all assets transferred aided and abetted by Defendant Ross;

j.      Imposition of a constructive trust as requested herein;

k.      Judgment against Defendants Matthew Guy Landgraf, Kevin M. Ross, Trustee, for the use and benefit of Matthew Guy Landgraf, Kevin M. Ross, Individually, STi Family Holdings, LP, STi Family Management, LLC and STi Real Estate, LLC for punitive/exemplary damages at the highest amount allowed by law;

l.      Judgment declaring that the subject real property is not Defendant Landgraf's homestead and is, therefore, non-exempt real property or, alternatively, that the subject real property is an urban homestead and not a rural homestead;

m.      That execution be issued and levied on the transferred property;

n.      Judgment awarding Plaintiffs post-judgment interest as provided by law from the date of judgment until paid;

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 14 of 16
ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 18 of 276

o.      Judgment awarding Plaintiffs costs of suit and reasonable attorney's fees as are equitable and just; and

p.      Judgment awarding Plaintiffs such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**PECKAR & ABRAMSON, P.C.**

By: _/s/  Tracey L. Cloutier_
Tracey L. Cloutier
State Bar No. 24031954
tcloutier@pecklaw.com

Timothy D. Matheny
State Bar No. 24000258
tmatheny@pecklaw.com

8080 N. Central Expressway
Suite 1600, LB 65
Dallas, Texas 75206-1819
(214) 523-5100 Telephone
(214) 521-4601 Facsimile

*-and-*

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 15 of 16**
**ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 19 of 276

**MATTHEWS, SHIELS, KNOTT,
EDEN, DAVIS & BEANLAND, L.L.P.**


By:  /s/  Robert J. Davis
    Daniel A. Knott
    State Bar No. 11622700
    dknott@mssattorneys.com

    Robert J. Davis
    State Bar No. 05543500
    bdavis@mssattorneys.com

Crosspoint Atrium
8131 LBJ Freeway, Suite 700
Dallas, Texas  75251
(972) 234-3400 Telephone
(972) 234-1750 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY - Page 16 of 16
ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**
TEXAS-#144859v1-10363/365700

Page 20 of 276

# Exhibit "A"

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 1 2 2012

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:12CR 86 |
| | § | (Judge Schell ) |
| MATTHEW LANDGRAF | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

**Violation:** 18 U.S.C. §§ 2251(a) and (e)
(Production of Child Pornography)

From a time unknown to the Grand Jury through in or about March 2012, in the

Eastern District of Texas, **Matthew Landgraf**, defendant, did employ, use, persuade,

induce and entice a minor, M.B., to engage in sexually explicit conduct for the purpose of

producing a visual depiction of such conduct, that was produced using materials that had

been mailed, transported, and shipped in interstate and foreign commerce. Specifically,

**Landgraf** using a hidden camera created a visual depiction involving the lewd and

lascivious display of the minor M.B.'s genitalia.

In violation of 18 U.S.C. § 2251(a) and (e).

Indictment - Page 1

## Count Two

**Violation**: 18  U.S.C. §§ 2251(a) and (e)
(Production of Child Pornography)

From a time unknown to the Grand Jury through in or about March 2012, in the

Eastern District of Texas, **Matthew Landgraf**, defendant, did employ, use, persuade,

induce and entice a minor, M.B., to engage in sexually explicit conduct for the purpose of

producing a visual depiction of such conduct, that was produced using materials that had

been mailed, transported, and shipped in interstate and foreign commerce.  Specifically,

**Landgraf** using a hidden camera created a visual depiction involving the lewd and

lascivious display of the minor M.B.'s genitalia.

In violation of 18 U.S.C. § 2251(a) and (e).

## Notice of Intent to Seek Criminal Forfeiture

As the result of committing the offenses alleged in this Indictment, **Landgraf**,

defendant, shall forfeit to the United States his interest in the following property,

including, but not limited to:

1.      any property, real or personal, used or intended to be used to commit or to

facilitate the commission of this violation; and

2.      any property, real or personal, that constitutes or is derived from proceeds

traceable to this violation.

Moreover, if any property subject to forfeiture, as a result of any act or omission by

the defendant:

**Indictment - Page 2**

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided

without difficulty;

the defendant shall forfeit to the United States any other property of the defendant up to

the value of the forfeitable property.

This property is forfeitable pursuant to 18 U.S.C. § 2253(a) based upon the property

being:

(1)     any visual depiction described in section . . . 2252 of this chapter, or any

book, magazine, periodical, film, videotape, or other matter which contains

any such visual depiction, which was produced, transported, mailed,

shipped or received in violation of this chapter;

(2)     any property, real or personal, constituting or traceable to gross profits or

other proceeds obtained from such offense; or

(3)     any property, real or personal, used or intended to be used to commit or to

promote the commission of such offense.

By virtue of the commission of the offenses alleged in this Indictment, any and all

interest the defendant has in this property is vested in and forfeited to the United States

**Indictment - Page 3**

pursuant to 18 U.S.C. § 2253.

A TRUE BILL

GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

MANDY GRIFFITH
Assistant United States Attorney

4/12/12
Date

Indictment - Page 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:12CR_____ |
| | § | (Judge _____) |
| MATTHEW LANDGRAF | § | |

## NOTICE OF PENALTY

### Counts One & Two

**Violation:**    18 U.S.C. § 2251(a) and (e)
Production of Child Pornography

**Penalty:**    Imprisonment for not less than fifteen years nor more thirty years; but if the defendant has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography or sex trafficking of children, such person shall be imprisoned for not less than twenty-five years and not more than fifty years; but if the defendant has two or more convictions as described above, such person shall be imprisoned for not less than thirty-five years or for life; a fine of not more than $250,000; and a term of supervised release of not less than five years to life.

**Special Assessment:** $100.00

# Exhibit "B"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| | § | | |
| V. | § | CASE NO.  4:12CR86 | |
| | § | (Judge Schell) | |
| MATTHEW LANDGRAF | § | | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND FINDING
## DEFENDANT GUILTY ON COUNTS ONE AND TWO OF THE INDICTMENT

On this day, the court considered the Findings of Fact and Recommendation of United States

Magistrate Judge Don D. Bush regarding Defendant's plea of guilty to Counts One and Two of the

Indictment in the above-numbered cause.  Having conducted a proceeding in the form and manner

prescribed by FED. R. CRIM. P. 11, the Magistrate Judge recommends that the court accept the guilty

plea of the Defendant.  The court is of the opinion that the Findings of Fact and Recommendation

should be accepted.

It is accordingly ORDERED that the Findings of Fact and Recommendation of the United

States Magistrate Judge are hereby ADOPTED.

It is further ORDERED that Defendant's guilty plea is ACCEPTED and the court finds

Defendant GUILTY on Counts One and Two of the Indictment.  Further, the FED. R. CRIM. P.

11(c)(1)(C) plea agreement is approved by the court, conditioned upon a review of the pre-sentence

report.

**SIGNED this the 13th day of November, 2012.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

# Exhibit "C"

✎AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# United States District Court

### EASTERN DISTRICT OF TEXAS
Sherman

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| MATTHEW LANDGRAF | Case Number:    4:12CR00086-001 |
| | USM Number:    19693-078 |
| | Scott Palmer, Brady Wyatt III |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 and 2 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2251(a) and (e) | Production of Child Pornography | 03/31/2012 | 1-2 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____    ☐ is    ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/21/2013
Date of Imposition of Judgment

_Thad Heartfield_
Signature of Judge

Thad Heartfield

United States District Judge
Name and Title of Judge

11/22/13
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___7___

DEFENDANT:  MATTHEW LANDGRAF
CASE NUMBER:  4:12CR00086-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of: **180 Months**

This term of imprisonment is to each of Counts 1 and 2, to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

While incarcerated, it is recommended that the defendant participate in the Inmate Financial Responsibility Program at a rate
determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.    on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on    1/21/2014 _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____    to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:  MATTHEW LANDGRAF
CASE NUMBER:  4:12CR00086-001

Judgment—Page __3__ of __7__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 5 Years

This term of supervised release is 5 years as to each of Counts 1 and 2, to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check. if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:  MATTHEW LANDGRAF
CASE NUMBER:  4:12CR00086-001

## ADDITIONAL SUPERVISED RELEASE TERMS

1)  The defendant shall pay any financial penalty that is imposed by this judgment.

2)  The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring defendant's sources of income.

3)  Under the guidance and direction of the United States Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

4)  Under the guidance and direction of the United States Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.

5)  The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

6)  The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

7)  The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

8)  The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

Case 23-04032-elm    Doc 1-2    Filed 05/22/23    Entered 05/22/23 15:33:53    Desc
Case 4:12-cr-00086-TH-DEM Exhibit B Part 1 of 5 Filed 09/24/18  Page 5 of 7 PageID #:  249
Page 1 of 5 Page 5 of 58

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  | Judgment — Page | 5 | of | 7 |

DEFENDANT:  MATTHEW LANDGRAF
CASE NUMBER:  4:12CR00086-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  200.00 | $  20,000.00 | $  0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $          0.00 | $          0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   6   of   7

DEFENDANT:  MATTHEW LANDGRAF
CASE NUMBER:  4:12CR00086-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☑  Lump sum payment of $   200.00   due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance   ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

The fine payment is due immediately.  Any fine amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly
basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed
circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If the defendant receives an inheritance, any settlements (including divorce settlement and personal
injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds,
lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any
restitution or fine still owed unless otherwise approved by the probation office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to:  the U.S. District Court. Fine & Restitution. 1910 E SE Loop 323 No 287. Tyler. TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

    SEE CONTINUATION PAGE

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case

DEFENDANT:  MATTHEW LANDGRAF
CASE NUMBER:  4:12CR00086-001

## Continuation page

Seagate Hard Drive (750GB);

Western Digital Hard Drive (2TB);

Western Digital Hard Drive (250GB);

Seagate Hard Drive (1TB);

Western Digital Hard Drive (80GB);

Dell Latitude e6520 Laptop Computer;

Dell D620 Laptop Computer;

Dell D630 Laptop Computer with power cord;

HP Pavillion ZE2000 Laptop Computer;

Kingwin Data Storage Drive with power cord and network cord;

Black Cooler Master Computer Tower;

Systemax Venture CPU; and

Samsung 16GB Galaxy Tablet with USB power supply

# Exhibit "D"

ELECTRONICALLY RECORDED  201100295364
11/09/2011 03:36:55 PM DEED  1/3

# WARRANTY DEED
## [LIFE ESTATE RETAINED]

**Notice of confidentiality rights: if you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your social security number or your driver's license number.**

| | |
|---|---|
| **Date**: | October 26, 2011 |
| **Grantors**: | W. N. NICHOLS and MATTHEW G. LANDGRAF, Co-Independent Executors of the Estate of PATSY N. NICHOLS, Deceased, appointed and serving under the Will of said Decedent probated in Cause No. PR-11-1953-1, in the Probate Court No. One, Dallas County, Texas |
| **Grantors' Mailing Address (including county)**: | 9210 Miles Road Rowlett, Dallas County, Texas 75089 |
| **Grantees**: | (1)    W. N. NICHOLS (Life Estate) |
| | (2)    MATTHEW G. LANDGRAF (Remainder) |
| **Grantees' Mailing Address (including county)**: | 9210 Miles Road Rowlett, Dallas County, Texas 75089 |
| **Consideration**: | Grantors execute this Deed to evidence the distribution of property to the devisees under the Will of the Deceased as therein provided. |

**Property (including any improvements):**

COMMENCING at the interesection of the Northwest R.O.W. line of Castle Drive, (a 60 ft. R.O.W.) and the Northeast R.O.W. line of Miles Road, (a 60 ft. R.O.W.);

THENCE North 32 deg. 11 min. West with the Northeast line of Miles Road, 765.91 feet to an iron stake for the P. C. of curve to the left, having a radius of 1395.42 feet;

THENCE Northwesterly with the Northeast R.O.W. of Miles Road and said curve to the left, 324.73 feet to an iron stake for P. T. of curve;

THENCE North 45 deg. 31 min. West with the N. E. R.O.W. line of Miles Road 179.91 feet to an iron stake for P.C. of curve, to the left, said curve having a radius of 352.51 feet;

THENCE Northwesterly with said curve to the left 181.90 feet to an iron stake for corner;

THENCE North 01 deg. 21 min. West 278.50 feet to a point for corner;

**WARRANTY DEED, ESTATE OF PATSY N. NICHOLS, DECEASED, Page 1 of 3**

THENCE North 38 deg. 58 min. West 233.50 feet to a point for corner;
THENCE North 25 deg. 14 min. East 33.88 feet to a <u>Place of Beginning</u>;
THENCE North 25 deg. 14 min. East 208.73 feet to an iron stake for corner.
THENCE North 64 deg. 46 min. West 208.73 feet to an iron stake for corner;
THENCE South 25 deg. 14 min. West 208.73 feet to an iron stake for corner;
THENCE South 64 deg. 46 min. East 208.73 feet to an iron stake for corner and
containing 1.00 acres of land; also known as 9210 Miles Road, Rowlett, Texas.

**Reservations from and Exceptions to Conveyance and Warranty**:

Subject to all restrictions, conditions, covenants, reservations and easements of record.

Grantors, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, gives, and conveys to W. N. NICHOLS as Grantee the property, subject to the possession, occupancy, benefit, and use for the life of W. N. NICHOLS, with the remainder over to MATTHEW G. LANDGRAF as Grantee, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantors bind Grantors and Grantors executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

W. N. NICHOLS, Co-Independent Executor of the Estate of
PATSY N. NICHOLS, Deceased

MATTHEW G. LANDGRAF, Co-Independent Executor of the
Estate of PATSY N. NICHOLS, Deceased

THE STATE OF TEXAS        §

COUNTY OF DALLAS          §

This instrument was acknowledged before me on the 26th day of October 2011, by W. N. NICHOLS Co-Independent Executor of the Estate of PATSY N. NICHOLS, Deceased.

OFFICIAL SEAL
Annette Glenn
State of Texas
My Commission Expires
April 18, 2015

NOTARY PUBLIC, STATE OF TEXAS

WARRANTY DEED, ESTATE OF PATSY N. NICHOLS, DECEASED, Page 2 of 3

THE STATE OF TEXAS          §

COUNTY OF DALLAS          §

    This instrument was acknowledged before me on the 8ᵀᴴ day of October 2011 by MATTHEW G. LANDGRAF, Co-Independent Executor of the Estate of PATSY N. NICHOLS, Deceased.

OFFICIAL SEAL
Holt Irby
State of Texas
My Commission Expires
October 31, 2012

NOTARY PUBLIC, STATE OF TEXAS

**Filed and Recorded**
**Official Public Records**
**John F. Warren, County Clerk**
**Dallas County, TEXAS**
**11/09/2011 03:36:55 PM**
**$24.00**
**201100295364**

**WARRANTY DEED, ESTATE OF PATSY N. NICHOLS, DECEASED, Page 3 of 3**

# Exhibit "E"

ELECTRONICALLY RECORDED  201100297582
11/11/2011 02:42:16 PM DEED  1/4

# WARRANTY DEED
## By Executor

**Notice of confidentiality rights: if you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your social security number or your driver's license number.**

| | |
|---|---|
| **Date:** | November 11th, 2011 |
| **Grantor:** | MATTHEW  G. LANDGRAF, Independent Executor of the Estate of DAISY McCALLUM, Deceased, appointed and serving under the Will of said Decedent probated in Cause No. PR-11-3419-1, in the Probate Court No. One, Dallas County, Texas |
| **Grantor's Mailing Address (including county):** | 9210 Miles Road Rowlett, Dallas County, Texas 75089 |
| **Grantee:** | MATTHEW G. LANDGRAF |
| **Grantee's Mailing Address (including county):** | 9210 Miles Road Rowlett, Dallas County, Texas 75089 |
| **Consideration:** | Grantor executes this Deed to evidence the distribution of property to the devisee(s) under the Will of the Deceased as therein provided. |

**Property (including any improvements):**

All that certain lot, tract or parcel of land lying and being situated in the County of Dallas, State of Texas, and Being out of the REASON CRIST SURVEY, ABSTRACT NO. 225, and being a part of a 79.64 acre tract described in Deed from M. B. Shugart, et ux to Guy McCallum, recorded in Vol. 737, Page 44 of the Deed Records of Dallas County, Texas and being more particularly described as follows:

COMMENCING at the intersection of the Northwest R.O.W. line of Castle Drive (a 60 foot R.O.W.) and the Northeast R.O.W. line of Miles Road, (a 60 ft. R.O.W.); Thence North 32 deg. 11 min. West with the Northeast line of Miles Road, 765.91 feet to an iron stake for P.C. of curve to the left having a radius of 1395.42 feet;

WARRANTY DEED - PAGE 1 OF 4

MGL

THENCE  Northwesterly with the Northeast R.O.W.  of Miles Road and said curve to the left, 324.73 feet to an iron stake for P. T. of curve;

THENCE North 45 deg. 31 min. West with the Northeast R.O.W. line of Miles Road 179.91 feet to an iron stake for P.C. of curve to the left, said curve having a radius of 352.51 feet;

THENCE Northwesterly with said curve to the left 181.90 feet to an iron stake for PLACE OF BEGINNING;

THENCE Northwesterly with said curve to the left and the North R.O.W. of Miles Road 240.26 feet to an iron stake for P. T. of curve;

THENCE South 65 deg. 51 min. 30 sec. West with the Northwest R.O.W. line of Miles Road 121.74 feet to an iron stake for P.C. of a curve to the right;

THENCE Northwesterly with said curve to the right and the Northwest R.O.W. line of Miles Road, 354.09 feet to an iron stake for P. T. of curve;

THENCE North 44 deg. 59 min. 30 sec. West with the Northeast R.O.W. line of Miles Road 1087.45 feet to an iron stake for corner;

THENCE North 89 deg. 59 min. 30 sec. West with the Northwest R.O.W. line of Miles Road, 42.36 feet to an iron stake for corner;

THENCE North 44 deg. 59 min. 30 sec. West with the Northeast R.O.W. of Miles Road, 35.00 feet to an iron stake on the West corner of said McCallum tract;

THENCE North 46 deg. 00 min. 30 sec. East with a fence line, a tree line, and the Northwest line of said McCallum tract, 1661.65 feet to an iron stake for corner;

THENCE South 45 deg. 28 min. 30 sec. East with the Northeast line of said McCallum tract and a fence line 418.34 feet to an iron stake for corner;

THENCE South 45 deg. 16 min. 00 sec. East with the Northeast line of said McCallum tract and a fence line 257.87 feet to an iron stake for corner;

THENCE South 12 deg. 21 min. 00 sec. West with the East line of said McCallum tract and a fence line 467.25 feet to an iron stake for corner;

THENCE South 44 deg. 41 min. 30 sec. East with the Northeast line of said McCallum tract and a fence line 262.09 feet to an iron stake for corner;

THENCE South 32 deg. 24 min. East with a fence line 567.28 feet to an iron stake for corner;

THENCE South 01 deg. 21 min. East, 334.01 feet to the PLACE OF BEGINNING and containing 45.86 acres of land.

**Reservations from and Exceptions to Conveyance and Warranty**:

Subject to all restrictions, conditions, covenants, reservations and easements of record.

All improvements and any structures, fixtures and equipment conveyed with the above-described real property are conveyed as is, without warranty, express or implied.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.


Matthew G. Landgraf, Independent Executor

WARRANTY DEED - PAGE 3 OF 4

MGL

THE STATE OF TEXAS          §
                           §
COUNTY OF DALLAS           §

This instrument was acknowledged before me on the 11th day of November, 2011, by MATTHEW G. LANDGRAF, Independent Executor of the Estate of DAISY McCALLUM, Deceased, on behalf of said Estate.



_____
NOTARY PUBLIC, STATE OF TEXAS

**Filed and Recorded**
**Official Public Records**
**John F. Warren, County Clerk**
**Dallas County, TEXAS**
**11/11/2011 02:42:16 PM**
**$28.00**
**201100297582**

WARRANTY DEED - PAGE 4 OF 4

MGL

# Exhibit "F"



201400223698
DEED  1/3

09/02/2014 04:11:01 PM

**WHEN RECORDED RETURN TO:**

Kevin M. Ross
**Bennett, Weston, LaJone & Turner, P.C.**
1603 LBJ Freeway, #280
Dallas, Texas 75234

**NOTICE OF CONFIDENTIALLY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## SPECIAL WARRANTY DEED (LIFE ESTATE DETERMINABLE RESERVED)
*("Deed")*

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **KNOW ALL MEN BY THESE PRESENTS:** |
| **COUNTY OF COLLIN** | § | |

**MATTHEW GUY LANDGRAF,** (*"Grantor"*), whose address is 9214 Miles Road; Rowlett, Texas, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) paid to Grantor and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and the further consideration of the payment by Grantee, from and after the date hereof, has **GRANTED, SOLD,** and **CONVEYED** and does hereby **GRANT, SELL,** and **CONVEY** unto KEVIN M. ROSS, TRUSTEE of LANDGRAF REVOCABLE TRUST, U/A/D APRIL 2, 2013 (*"Grantee"*), whose address is 1603 LBJ Freeway, Suite 280, Dallas, Texas 75234, the following described property, together with all improvements on it.

COMMENCING at the intersection of the Northwest R.O.W. line of Castle Drive, (a 60 ft. R.O.W.) and the Northeast R.O.W. line of Miles Road, (a 60 ft. R.O.W.);

THENCE North 32 deg. 11 min. West with the Northeast line of Miles Road, 765.91 feet to an iron stake for the P.C. of curve to the left, having a radius of 1395.42 feet;

THENCE Northwesterly with the Northeast R.O.W. of Miles Road and said curve to the left, 324.73 feet to an iron stake for P.T. of curve;

THENCE North 45 deg. 31 min. West with the N.E. R.O.W. line of

**SPECIAL WARRANTY DEED**
Page 1

Miles Road 179.91 feet to an iron stake for P.C. of curve, to the left, said curve having a radius of 352.51 feet;

THENCE Northwesterly with said curve to the left 181.90 feel to an iron stake for corner;

THENCE North 01 deg. 21 min. West 278.50 feet to a point for corner;

THENCE North 38 deg. 58 min. West 233.50 feet to a point for corner.

THENCE North 25 deg. 14 min. East 33.88 feet to a Place of Beginning;

THENCE North 25 deg. 14 min. East 208.73 feet to an iron stake for corner;

THENCE South 25 deg. 14 min. West 208.73 feet to an iron stake for corner;

THENCE South 64 deg. 46 min. East 208.73 feet to an iron stake for corner and containing 1.00 acres of land

This conveyance is made and accepted subject to all zoning laws, and regulations and ordinances of municipal and/or governmental authorities; and made and accepted as to all matters set out herein above.

**THE CONVEYANCE OF THE REAL PROPERTY IS MADE "AS IS, WHERE IS" AND "WITH ALL FAULTS", AND EXCEPT FOR THE SPECIAL WARRANTY OF TITLE HEREIN EXPRESSLY PROVIDED. GRANTORS MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS, IMPLIED OR STATUTORY, WITH RESPECT TO THE REAL PROPERTY OR ANY PORTION OR ASPECT THEREOF, INCLUDING, WITHOUT LIMITATION, THE PHYSICAL CONDITION, FINANCIAL CONDITION, BUSINESS CONDITION, HABITABILITY, HEALTH AND ENVIRONMENTAL MATTERS, SUITABILITY FOR GRANTEE'S PURPOSES, FITNESS FOR A PARTICULAR PURPOSE, AND/OR MERCHANTABILITY.**

**TO HAVE AND TO HOLD** the Real Property, together with all rights and appurtenances pertaining thereto, unto Grantees and Grantees' successors and assigns forever; and Grantors do hereby bind themselves and its successors and assigns to **WARRANT** and **FOREVER DEFEND**, all and singular, the Real Property unto Grantees and Grantees'

SPECIAL WARRANTY DEED
Page 2

successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantors.

All taxes and assessments for the year in which this Deed is executed have been prorated as of the effective date of this Deed, and Grantees hereby assume liability for the payment thereof.

Grantor was bequeathed this property when a surviving spouse, W.N. Nichols, was living on the property and asserted his right of occupancy under the Texas Probate code. This conveyance is subject to a life estate of W.N. Nichols for one acre of said property to be used until W.N. Nichols either dies or abandons said property.

EXECUTED as of this 26th day of August, 2014

GRANTOR:

MATTHEW GUY LANDGRAF

By: _____
**MATTHEW GUY LANDGRAF**

### ACKNOWLEDGMENT

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

This instrument was acknowledged before me on August 26, 2014, by MATTHEW GUY LANDGRAF.



LATICE MARIE COLEMAN
My Commission Expires
October 20, 2016

_____
Notary Public

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
09/02/2014 04:11:01 PM
$34.00

SPECIAL WARRANTY DEED
Page 3



201400223698

# Exhibit "G"



09/02/2014 04:11:00 PM

201400223697

DEED  1/4

WHEN RECORDED RETURN TO:

Kevin M. Ross
**Bennett, Weston, LaJone & Turner, P.C.**
1603 LBJ Freeway, #280
Dallas, Texas 75234

**NOTICE OF CONFIDENTIALLY RIGHTS:  IF YOU ARE A NATURAL PERSON,  YOU  MAY  REMOVE  OR  STRIKE  ANY  OF  THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## SPECIAL WARRANTY DEED
*("Deed")*

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **KNOW ALL MEN BY THESE PRESENTS:** |
| **COUNTY OF COLLIN** | § | |

**MATTHEW GUY LANDGRAF,** *("Grantor")*, whose address is 9214 Miles Road; Rowlett, Texas, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) paid to Grantor and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and the further consideration of the payment by Grantee, from and after the date hereof, has **GRANTED, SOLD,** and **CONVEYED** and does hereby **GRANT, SELL,** and **CONVEY** unto KEVIN M. ROSS, TRUSTEE of LANDGRAF REVOCABLE TRUST, U/A/D APRIL 2, 2013 *("Grantee")*, whose address is 1603 LBJ Freeway, Suite 280, Dallas, Texas 75234, the following described property, together with all improvements on it.

All that certain lot, tract or parcel of land lying and being situated in the County of Dallas, State of Texas, and Being out of the REASON CRJST SURVEY, ABSTRACT NO. 225, and being a part of a 79.64 acre tract described in Deed from M. B. Shugart, et ux to Guy McCallum, recorded in Vol. 737, Page 44 of the Deed Records of Dallas County, Texas and being more particularly described as follows:

COMMENCING at the intersection of the Northwest R.O.W. line of Castle Drive (a 60 foot R.O.W.) and the Northeast R.O.W. line of Miles Road, (a 60 ft. R.O.W.); Thence North 32 deg. 11 min. West with the Northeast line of Miles Road, 765.91 feet to an iron stake for P.C. of curve to the left having a radius of 1395.42 feet;

THENCE Northwesterly with the Northeast R.O.W. of Miles Road and said curve to the left, 324.73 feet to an iron stake for P. T. of curve;

**SPECIAL WARRANTY DEED**
Page 1

THENCE North 45 deg. 31 min. West with the Northeast R.O.W. line of Miles Road 179.91 feet to an iron stake for P.C. of curve to the left, said curve having a radius of 352.51 feet;

THENCE Northwesterly with said curve to the left 181.90 feet to an iron stake for PLACE OF BEGINNING;

THENCE Northwesterly with said curve to the left and the North R.O.W. of Miles Road 240.26 feet to an iron stake for P. T. of curve;

THENCE South 65 deg. 51 min. 30 sec. West with the Northwest R.O.W. line of Miles Road 121.74 feet to an iron stake for P.C. of a curve to the right;

THENCE Northwesterly with said curve to the right and the Northwest R.O.W. line of Miles Road, 354.09 feet to an iron stake for P. T. of curve;

THENCE North 44 deg. 59 min. 30 sec. West with the Northeast R.O.W. line of Miles Road 1087.45 feet to an iron stake for corner;

THENCE North 89 deg. 59 min. 30 sec. West with the Northwest R.O.W. line of Miles Road, 42.36 feet to an iron stake for corner;

THENCE North 44 deg. 59 min. 30 sec. West with the Northeast R.O.W. of Miles Road, 35.00 feet to an iron stake on the West corner of said McCallum tract;

THENCE North 46 deg. 00 min. 30 sec. East with a fence line, a tree line, and the Northwest line of said McCallum tract, 1661.65 feet to an iron stake for corner;

THENCE South 45 deg. 28 min. 30 sec. East with the Northeast line of said McCallum tract and a fence line 418.34 feet to an iron stake for corner;

THENCE South 45 deg. 16 min. 00 sec. East with the Northeast line of said McCallum tract and a fence line 257.87 feet to an iron stake for corner;

THENCE South 12 deg. 21 min. 00 sec. West with the East line of said McCallum tract and a fence line 467.25 feet to an iron stake for corner;

THENCE South 44 deg. 41 min. 30 sec. East with the Northeast line of said McCallum tract and a fence line 262.09 feet to an iron stake for corner;

THENCE South 32 deg. 24 min. East with a fence line 567.28 feet to an iron stake for corner;

THENCE South 01 deg. 21 min. East, 334.01 feet to the PLACE OF BEGINNING and containing 45.86 acres of land.

**SPECIAL WARRANTY DEED**
Page 2

This conveyance is made and accepted subject to all zoning laws, and regulations and ordinances of municipal and/or governmental authorities; and made and accepted as to all matters set out herein above.

**THE CONVEYANCE OF THE REAL PROPERTY IS MADE "AS IS, WHERE IS" AND "WITH ALL FAULTS", AND EXCEPT FOR THE SPECIAL WARRANTY OF TITLE HEREIN EXPRESSLY PROVIDED. GRANTORS MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS, IMPLIED OR STATUTORY, WITH RESPECT TO THE REAL PROPERTY OR ANY PORTION OR ASPECT THEREOF, INCLUDING, WITHOUT LIMITATION, THE PHYSICAL CONDITION, FINANCIAL CONDITION, BUSINESS CONDITION, HABITABILITY, HEALTH AND ENVIRONMENTAL MATTERS, SUITABILITY FOR GRANTEE'S PURPOSES, FITNESS FOR A PARTICULAR PURPOSE, AND/OR MERCHANTABILITY.**

**TO HAVE AND TO HOLD** the Real Property, together with all rights and appurtenances pertaining thereto, unto Grantees and Grantees' successors and assigns forever; and Grantors do hereby bind themselves and its successors and assigns to **WARRANT** and **FOREVER DEFEND**, all and singular, the Real Property unto Grantees and Grantees' successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantors.

All taxes and assessments for the year in which this Deed is executed have been prorated as of the effective date of this Deed, and Grantees hereby assume liability for the payment thereof.

**SPECIAL WARRANTY DEED**
Page 3

**EXECUTED** as of this 26th day of August, 2014

**GRANTOR:**

**MATTHEW GUY LANDGRAF**

By: _____

**MATTHEW GUY LANDGRAF**

## ACKNOWLEDGMENT

**STATE OF TEXAS**     §
                       §
**COUNTY OF DALLAS**   §

This instrument was acknowledged before me on August 26, 2014, by MATTHEW GUY LANDGRAF.

_____
Notary Public

LATICE MARIE COLEMAN
My Commission Expires
October 20, 2016

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
09/02/2014 04:11:00 PM
$38.00

**SPECIAL WARRANTY DEED**
Page 4



201400223697

# Exhibit "H"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| M.B., I.B. AND J.S. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-00708 |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| | § | |
| Defendant. | § | |

## FINAL DEFAULT JUDGMENT

On this day, the appearance date of the above named Defendant, Matthew Guy Landgraf,

having passed, the Court regularly in session and term, time and place, wherein the above styled and

numbered cause was commenced, and came on the Plaintiffs, M.B., I.B. and J.S., and while duly

served with process, the Defendant, Matthew Guy Landgraf, at all times heretofore failed to appear

and make answer in his behalf but wholly made default.

Summons with Officer's Return thereon, having been on file with the Clerk of this Court for

a period of ten (10) days exclusive of the date of filing and of this date, the Plaintiffs, M.B., I.B. and

J.S., sought to recover their damages occasioned by the premises against said Defendant, Matthew

Guy Landgraf, being in default, and that Plaintiffs have submitted affidavits and other documents

in support of their damages, which this Court finds to be sufficient to support this cause of action.

The Court finds that the Plaintiffs have requested attorneys' fees in an unliquidated sum, and

the Court, having examined the Plaintiffs' Complaint and the affidavit of Plaintiffs' attorney, finds

that the attorneys' fees are reasonable and that the Plaintiffs, M.B., I.B. and J.S., are entitled to

recover of and from the Defendant, Matthew Guy Landgraf, attorneys' fees as follows: $49,324.00

through the conclusion of this cause in the trial court; $50,000.00 in the event of an unsuccessful

appeal by the Defendant to the Fifth Circuit Court of Appeals; and $50,000.00 in the event of an

unsuccessful appeal by the Defendant to the U.S. Supreme Court.  It is, therefore,

ORDERED, ADJUDGED and DECREED that Plaintiffs, M.B., I.B. and J.S., shall recover

of and from Defendant, Matthew Guy Landgraf, judgment for the following amounts:

A.   As to M.B., the following:

1.   Statutory minimum damages for physical pain and mental anguish sustained
in the past in the amount of $150,000.00.

2.   Damages for physical pain and mental anguish sustained in the future in the
amount of at least $4,790,880.00.

3.   Exemplary damages in the amount of $2,500,000.00.

B.   As to I.B., the following:

1.   Statutory minimum damages for physical pain and mental anguish sustained
in the past in the amount of $150,000.00.

2.   Damages for physical pain and mental anguish sustained in the future in the
amount of $3,962,000.00.

3.   Exemplary damages in the amount of $1,000,000.00.

C.   As to J.S., the following:

1.   Statutory minimum damages for physical pain and mental anguish sustained
in the past in the amount of $150,000.00.

2.   Damages for physical pain and mental anguish sustained in the future in the
amount of $3,962,000.00.

3.   Exemplary damages in the amount of $1,000,000.00.

D.   On behalf of all Plaintiffs, reasonable attorneys' fees in the following amounts:

1.   $49,324.00, through the conclusion of this cause in the trial court,

2.   $50,000.00, in the event of an unsuccessful appeal to the Fifth Circuit Court

of Appeals by the Defendant, and

    3.    $50,000.00, in the event of an unsuccessful appeal to the U.S. Supreme Court

by the Defendant.

E.    All costs of court.

F.    Prejudgment and post-judgment interest as allowed by law.

for all of which let execution issue.

This judgment finally disposes of all parties and all claims and is appealable.

**SIGNED this 4th day of April, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE