# TAB 18

Filed: 8/22/2017 3:12 PM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 18596049

## CAUSE NO. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. AND J.S. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 296TH JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF *et al.* | § | COLLIN COUNTY, TEXAS |

### AFFIDVIT OF KEVIN ROSS

BEFORE ME, the undersigned authority, on this day personally appeared the person known to me to be Kevin Michael Ross who, upon being duly sworn by me, did state and depose as follows:

1.      My name is Kevin Michael Ross.  I am over the age of twenty one years and am competent to give this affidavit.  I have personal knowledge of the facts stated in this affidavit.

2.      I am an attorney licensed by the Texas Supreme Court to practice law since 1993.  I have practiced law in Dallas County, Texas the entire time that I have been licensed.  Among other things, my practice focuses on legal issues facing business owners and upon estate planning, which includes the creation and operation of trusts.

3.      In September 2012, I was retained by Matthew Guy Landgraf to represent him with regard to estate planning matters.  I have acted as Landgraf's attorney and as the trustee of the Landgraf Revocable Trust.

4.      I have been sued in this case in my individual capacity and as the trustee of the Landgraf Revocable Trust.  The Motion to Take Nothing only relates to me in my individual capacity.  Also sued were Landgraf and some entities that Landgraf had formed by another attorney and for which I served as the registered agent before the entities forfeited their existence for the non-payment of franchise taxes.

AFFIDVIT OF KEVIN ROSS – Page 1

Copy from re:SearchTX

5.      I submit this affidavit in support of his Motion for a Take Nothing Judgment as his No-Evidence Motion for Judgment and, in the alternative, Motion for Summary Judgment.

6.      Plaintiffs have a judgment against Matthew Guy Landgraf ("Landgraf").  I understand that Landgraf is contesting the validity of that judgment.

7.      I filed my answer on March 17, 2017.  I served two sets of requests for production, interrogatories and a request for disclosure upon plaintiffs.  I have responded to plaintiffs' request for disclosure.

8.      In the First Amended Petition, plaintiffs make allegations related to the characterization of specifically identified property as exempt or non-exempt.  See First Amended Petition, Para. VIII.  I do not claim any interest in the described property.  I do not claim to own any interest in any property once owned by Landgraf.

9.      I do not raise in my Motion for Take Nothing Judgment the immunity defense which I believe applies in this case as I served as Landgraf's attorney.  I do not perceive any claim against me from which I need to claim immunity under the plaintiff's allegations.

10.      In their First Amended Petition, plaintiffs refer to "Kevin R. Ross, Trustee, for the use and benefit of Matthew Guy Landgraf."  No such trust entity has ever existed. The term as stated is meaningless.

11.      For the convenience of the Court, attached as Exhibit A is a true and correct copy of the Landgraf Revocable Trust.  Attached hereto as Exhibit B is a true and correct copy of the First Amended Landgraf Revocable Trust Agreement.  This is a trust that currently exists.  The changes in the Trust relate to the beneficiaries of the trust upon Landgraf's death.  Among the death beneficiaries of the Landgraf Revocable Trust

AFFIDVIT OF KEVIN ROSS – Page 2

Copy from re:SearchTX

before the amendment were plaintiffs MB and IB and their mother.  Until his death,

Landgraf is both the settlor and beneficiary of the Trust.

12.     The Trust I created for Landgraf is a Revocable or Living Trust.  Such a

trust primarily serves estate planning functions by eliminating the need for probate.  A

revocable trust permits a settlor, such as Landgraf, to keep control of property during

his lifetime and to designate how the property will be distributed upon his death.

13.     In pertinent part, the Revocable Trust provides:

Article II. Amendment and Revocation

Amendment.  During the lifetime of the Grantor, any of the terms of this Trust
Agreement may be amended at any time by an instrument in writing signed
by the Grantor and delivered to the Trustee. . . .

Revocation. During the Grantor's lifetime, this trust may be revoked in whole
or in part by an instrument in writing signed by the Grantor . . . .

Article III.  Distribution Prior to Death of Grantor

Distributions.  If at any time prior to the death of the Grantor, there shall be
transferred to the Trustee to be held in accordance with the terms of this trust
agreement investment or income-producing assets, then, during the Grantor's
lifetime, there shall be distributed to or for the benefit of the Grantor so much
of the trust income and principal as the Grantor shall from time to time direct
in writing. . . .

Article V.  Spendthrift Provision

No beneficiary of any trust herein created shall have the right or power to
anticipate by assignment or otherwise, any income or principal given to such
beneficiary by virtue of this instrument, or any portion thereof; nor in
advance of actually receiving the same shall such beneficiary have the right or
power to sell, transfer, encumber, hypothecate or in anywise charge same; nor
shall such income or principal, or any portion of same, be subject to any
execution, garnishment, attachment, insolvency, bankruptcy, or other legal
proceedings of any character, or legal sequestration, levy or sale, or in any
event or manner be applicable or subject to the payment of such beneficiary's
debts.

AFFIDVIT OF KEVIN ROSS – Page 3

Copy from re:SearchTX

14.    Landgraf transferred real property to the Trust.  Attached as Exhibit C are deeds conveying Landgraf's real property to the Trust.  I represented Landgraf with regard to the transfer of the real property to the Trust.

15.    I have been advised that Landgraf transferred ownership of the three entities for which I served as registered agent to the Landgraf Revocable Trust.  I did not prepare the documents necessary for the transfer.  I am unaware of any assets ever held by those entities.

16.    I was aware that Landgraf created the three entities for which I served as registered agent to the Trust.  I did not prepare the documents necessary for the transfer.  I am unaware of any assets ever held by those entities other than an automobile which remains missing.

17.    Even though I am the trustee of the Trust, I know of no documentation of the transfers.  In any event, such transfers are unimportant because the entities have forfeited their charters that permit them to do business in the State of Texas.

18.    Given the nature of a revocable trust and the provisions of the Revocable Trust, Landgraf transferred the same property from himself to himself.

19.    The Revocable Trust contains a spendthrift provision which only applies to a trust created in accordance with the Revocable Trust at the death of Mr. Landgraf in which Mr. Landgraf is no longer the beneficiary.  With regard to Landgraf, the grantor and beneficiary of the Revocable Trust, no provision in the Revocable Trust can restrain the involuntary transfer of Landgraf's beneficial interest in the Trust to his creditors during his lifetime as matter of statutory and case law.  Tex. Prop. Code § 112.035(d).

20.    In paragraph 4.3 of their Amended Petition, plaintiffs allege that I "actively engaged in activities in furtherance of the sale of the real property [belonging

AFFIDVIT OF KEVIN ROSS – Page 4

Copy from re:SearchTX

to Landgraf], including, but not limited to, engaging an appraiser and broker in connection with the sale and communicating with potential buyers of the property." I did not attempt to sell the property. To my knowledge, the property was not sold and still belongs to the Trust. Attempts to sell property are not improper in and of themselves. I owe a duty to Landgraf and the Trust, not plaintiffs.

21.    In paragraph 4.4 of their Amended Petition, plaintiffs imply that I did something wrong in being involved with entities created for Landgraf by another attorney, including hiring a CPA to file the franchise returns. Conducting business properly is not improper.

_____
Kevin Ross

Sworn and subscribed before me on this 2nd day of August 2017 by Kevin Ross.

MONICA JORDAN
MY COMMISSION EXPIRES
November 20, 2017

_____
Notary Public in and for the
State of Texas

AFFIDVIT OF KEVIN ROSS – Page 5

Copy from re:SearchTX

# LANDGRAF REVOCABLE TRUST AGREEMENT

THIS TRUST AGREEMENT is made this 2nd day of April, 2013, by and between MATTHEW GUY LANDGRAF hereinafter called "Grantor," and KEVIN M. ROSS and his successors, hereinafter called "Trustee;"

## ARTICLE I.  ESTABLISHMENT OF TRUST

A.   Transfer in Trust.   The Grantor hereby transfers, assigns, and conveys to the Trustee any property described on Exhibit "A" attached to this Trust Agreement and made a part hereof for all purposes. The Grantor and others may at any time or from time to time contribute additional property acceptable to the Trustee to the Trust Estate created herein by an appropriate instrument of conveyance or assignment, including transfers by Will, by beneficiary designation, and otherwise.

B.   Name of Trust.   During the lifetime of the Grantor, this trust shall be known as the Landgraf Revocable Trust u/a/d April 2nd, 2013.

## ARTICLE II. AMENDMENT AND REVOCATION

A.   Amendment.   During the lifetime of the Grantor, any of the terms of this Trust Agreement may be amended at any time by an instrument in writing signed by the Grantor and delivered to the Trustee.   Any such amendment will be effective upon delivery to the Trustee, or if later, the date specified in the instrument. Any amendment substantially changing the duties, liabilities or compensation of the Trustee shall not be effective

PAGE 1

C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx    EXHIBIT A

DEFENDANT'S
EXHIBIT
ROSS - 1
Page 167 of 276

Copy from re:SearchTX

without the Trustee's consent.

B. <u>Revocation</u>. During the Grantor's lifetime, this trust may be revoked in whole or in part by an instrument in writing signed by the Grantor and delivered to the Trustee. On revocation, the Trustee shall promptly deliver to the Grantor the revoked portion of that property.   After the death of the Grantor, all trusts created or provided for hereunder shall be irrevocable.

C. <u>Powers Personal to Grantor</u>.   The powers to revoke and amend this instrument are personal to the Grantor and cannot be exercised on behalf of the Grantor by any other person, except that an agent or attorney in fact acting on behalf of the Grantor under a then-effective power of attorney granted by the Grantor may revoke or amend this instrument if and to the extent authorized to do so under such power of attorney.

D. <u>Judicial Modification</u>.   The Grantor specifically authorizes the Trustee then serving to seek judicial modification of this instrument after the death of the Grantor if the Trustee determines that it would be in the best interests of the other beneficiaries of the trusts created hereunder based on any changes in the federal income, gift, estate, or generation-skipping transfer tax laws which have not yet become effective on the date hereof, and in particular, to change provisions allocating the property of the Grantor among the various trusts hereunder in order to more fully utilize any basis increase which may be available.   In such case, the only necessary parties to such a proceeding shall be the Trustee and any adult beneficiaries then eligible to receive distributions from a trust hereunder.

Copy from re:SearchTX

## ARTICLE III.   <u>DISTRIBUTIONS PRIOR TO DEATH OF GRANTOR</u>

A.   <u>Distributions</u>.   If at any time prior to the death of the Grantor, there shall be transferred to the Trustee to be held in accordance with the terms of this trust agreement investment or income-producing assets, then, during the Grantor's lifetime, there shall be distributed to or for the benefit of the Grantor so much of the trust income and principal as the Grantor shall from time to time direct in writing.   In addition, the Trustee may distribute to or for the benefit of the Grantor so much of the trust income and principal as the Trustee shall determine in its sole discretion to be necessary and appropriate to provide for the comfort, health, maintenance and support of the Grantor.   Any income not so distributed shall be added to principal.

B.   <u>Use of Home as Homestead</u>.   Grantor retains the sole and exclusive right to use and occupy the Grantor's current home as the Grantor's principal residence and homestead for homestead exemption purposes under Texas law (and any other home purchased upon the sale of such home and designated by the Grantor as the Grantor's homestead) rent free and without charge, except for taxes and other expenses as specified below, until the Grantor's death.   During this time, Grantor is required to pay all expenses attributable to the homestead that a life tenant would be responsible for paying, including mortgage interest, regularly recurring ad valorem taxes, ordinary repairs, and insurance.

## ARTICLE IV.  <u>DISTRIBUTION OF TRUST ESTATE UPON GRANTOR'S DEATH</u>

Upon the death of the Grantor, the Trust Estate (including any property received by

PAGE 3
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

the Trustee as a consequence of the death of the Grantor) shall be distributed as follows:

   A. <u>Bequests of Personal Effects</u>.

      1.  Grantor gives his Mazda truck to ███████████ ;

      2.  Grantor desires that his Honda Magna shall be sold by the Trustee with the sale proceeds to be distributed according to Paragraph B of this Section;

      3.  Grantor desires that his Honda CB450 shall be sold by the Trustee with the sale proceeds to be distributed according to Paragraph B of this Section;

      4.  Grantor desires that all of his rifles, guns and firearms shall be sold by the Trustee with the sale proceeds to be distributed according to Paragraph B of this Section;

      5.  Grantor gives his Banjo to ███████████ . It is the express desire of Grantor that the Banjo is not to be sold and shall stay with ███████████ and her descendants.

      6.  Grantor give the furniture and electronic devices to the beneficiaries listed in Paragraph B of this section.  The Trustee shall attempt to distribute these items in the approximate proportions as listed in Paragraph B of this section.

   B. <u>Remaining Assets in Trust Estate</u>. The remaining assets in the Trust Estate shall be distributed in the manner as follows upon the death of Grantor:

      1.  Five percent (5%) shall be distributed to ███████████ if she is then living;

Copy from re:SearchTX

2.   Thirty percent (30%) shall be distributed to ██████████ if she is then living;

3.   Twenty Five percent (25%) shall be distributed to ██████████ if he is then living;

4.   Fifteen percent (15%) shall be distributed to ██████████████ ██████████ if she is then living;

5.   Five percent (5%) shall be distributed to ██████████ is if she is then living;

6.   Twenty percent (20%) shall be distributed to THE NATIONAL WWII MUSEUM located at 945 Magazine St., New Orleans, LA 70130.   If the Museum is no longer in existence upon the death of the Grantor, the portion passing to THE NATIONAL WWII MUSEUM shall be distributed pro rata to the then living beneficiaries under this Section IV (B).

## ARTICLE V.   <u>CONTINGENT TRUST</u>

If, at the termination of any trust created hereunder, all or a portion of principal or income of such trust would otherwise pass to an individual who is under twenty-five (25) years of age or who is deemed to be incapacitated (as defined in this Article), the Trustee is directed, authorized and empowered to continue to hold such individual's portion as a separate and distinct trust for the benefit of such individual under the following terms and conditions:

The trust shall be named for the individual beneficiary.

The Trustee shall pay, distribute or apply the entire net income, at least annually, to

PAGE 5
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

or for the benefit of such individual, until such individual shall have attained the age of twenty-five (25) years, and is not incapacitated, at which time such trust shall terminate and the Trustee shall distribute the principal thereof to the individual in fee simple and free from trust.  During the existence of such trust, the Trustee shall have the power to consume, invade or appropriate all or any part of the principal of such trust estate as the Trustee deems proper and appropriate to the health, education, support or maintenance of such individual.  In case such individual shall die before distribution of all the property held under this Article for his benefit, the Trustee shall deliver all such property, free of trust, to the Executor or administrator of the estate of such individual, the receipt of the person or persons to whom any such payment or distribution is so made being a sufficient discharge thereof, even though a Trustee may be such person.

For purposes of this Article, a person shall be deemed to be incapacitated if such person shall be or become subject to a legal, mental, or physical disability which shall prevent, preclude, or substantially impair such person's ability to manage, control, and administer such person's own affairs with reasonable prudence, care and diligence, as reasonably determined by the Trustee in its good faith judgment.

## ARTICLE V.   <u>SPENDTHRIFT PROVISION</u>

No beneficiary of any trust herein created shall have the right or power to anticipate, by assignment or otherwise, any income or principal given to such beneficiary by virtue of this instrument, or any portion thereof; nor in advance of actually receiving the same shall such beneficiary have the right or power to sell, transfer, encumber, hypothecate or in anywise charge same; nor shall such income or principal, or any portion of same, be subject to any execution, garnishment, attachment, insolvency, bankruptcy, or other legal proceedings of any character, or legal sequestration, levy or sale, or in any event or manner be applicable or subject to the payment of such beneficiary's debts.

## ARTICLE  VI.   <u>RULE AGAINST PERPETUITIES</u>

Notwithstanding any of the foregoing, each trust created herein or pursuant hereto not theretofore terminated shall terminate on the day preceding the expiration of

PAGE 6
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

twenty-one (21) years from the death of the last survivor of the Grantor and the descendants of the Grantor's parents living at the date of death of the Grantor, or, if earlier, when the Trust initially created hereunder becomes irrevocable.  Upon such termination, the assets and property comprising each such trust shall be delivered and distributed in fee simple and free of trust to the beneficiary (or to the beneficiaries, if more than one, but on a *per stirpes* basis) who would then be eligible to receive distributions from such trust had it not then terminated. Notwithstanding the foregoing, if the Texas rule against perpetuities is repealed or amended before the termination of such trust, and if the period of time during which a trust hereunder may exist is extended by such repeal or amendment before termination of such trust, then this Section shall be applied instead by using such longer period.

## ARTICLE VII.   <u>TRUSTEESHIP PROVISIONS</u>

A.   <u>Appointment of Trustee</u>.   By the execution of this trust agreement, the Grantor has appointed KEVIN M. ROSS to serve as Trustee of each Trust created under this trust agreement.   If KEVIN M. ROSS fails or ceases to serve for any reason as Trustee of any such trust, then one of the following persons shall serve in the order, priority and sequence named as the Trustee of such trust:

    1.   SHAWNA L. BROWN;

B.   <u>Determination of Incapacity</u>.   For purposes of the ability of KEVIN M. ROSS to serve as Trustee under this trust, such Trustee shall be deemed incapacitated if a licensed Texas physician shall certify by letter that such Trustee is incompetent, incapacitated or otherwise unable to act as Trustee hereunder.   In the event that KEVIN

PAGE 7
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

M. ROSS is deceased or otherwise unable to render an opinion as to KEVIN M. ROSS'

incapacity, then such incapacity shall be determined by a physician licensed in the State

of Texas.    For purposes of the ability of any other individual to serve as Trustee

hereunder, such Trustee's incapacity shall be determined by a physician licensed in the

State of Texas.    Any physician so certifying shall not be liable in any respect to any

individual for rendering an opinion in good faith as to the ability of any trustee to serve.

C.    Powers of Successor Trustee.    Any successor Trustee hereunder shall

possess and exercise all powers and authority herein conferred on the original Trustee,

unless such successor be appointed by a court and the Court otherwise decrees in the

order of appointment.    Such successor Trustee named herein shall be responsible only

for the assets delivered by the preceding Trustees (or the legal representative thereof),

and may accept as correct the statement of such predecessor Trustees (or the legal

representative thereof) that such assets constitute all of the assets of the trust estate

without any duty to inquire into the administration or accounting by the preceding Trustee.

No successor Trustee shall be held responsible for or by reason of any act or omission of

a predecessor in trust.

D.    Resignation of Trustee.    Any Trustee is authorized to resign by filing a written

instrument, duly acknowledged, in the Deed Records of Dallas County.    This filing shall

immediately deprive such Trustee of all powers as Trustee hereunder.    At least thirty (30)

days prior to such filing, such resigning Trustee shall give written notice thereof to those

persons who could then with or without the exercise of discretion receive any distribution

of income from the trust estate and are then *sui juris*.

E.    Designation of Successor Trustee.    Any Trustee then serving without a

PAGE 8
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

designated successor shall have the right to designate a successor Trustee to himself by filing a written instrument, duly acknowledged, in the Deed Records of Dallas County, Texas, and promptly delivering such designation to the successor Trustee wherein such designation may delegate, in whole or in part, any or all of the powers and discretions given to the Trustee making such designation, and may become effective at such time as may be set forth in the designation including the death of the Trustee making such designation.   Any such designation shall remain revocable until its effective date.   Such designated Trustee shall have all of the powers of a Trustee appointed in this instrument except to the extent that the Designation shall specify otherwise.

F.   <u>Fees and Reimbursement of Expenses</u>.   For its services as Trustee of a trust hereunder, any Trustee shall be entitled to reasonable fees commensurate with its duties and responsibilities, taking into account the value and nature of the trust estate and the time and work involved.   Further, any Trustee (including such an individual Trustee or spouse), shall be reimbursed for any expenses incurred on behalf of the trust estate.

## ARTICLE VIII.   <u>TRUST POWERS</u>

The Trustee of each trust created hereunder, whether original or successor, with respect to the trust assets and properties of the trust shall have and exercise the following rights, powers and privileges and be subject to the following duties, provisions, conditions and limitations:

1.   <u>Usual Trust Powers</u>.   Except as otherwise provided herein, the Trustee is authorized to exercise all powers granted to trustees and subject to all standards and limitations as provided by the common law or any statute, including every power granted to and restrictions on trustees by the Texas Trust Code, or any future amendment thereof which serves to increase the extent of the powers granted to trustees.

PAGE 9
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

2.     <u>Investment of Trust Property</u>. The Trustee is authorized to invest and reinvest the trust estate from time to time in any property, real, personal, or mixed, including (without limiting the generality of the foregoing language) securities of domestic and foreign corporations and investment trusts, bonds, preferred stocks, common stocks, mortgages, mortgage participations, mutual funds and interests in a common trust fund, with complete discretion as to converting realty into personalty or personalty into realty or otherwise changing the character of the trust estate, even though such investment (by reason of its character, amount, proportion to the total trust estate, or otherwise) would not be considered appropriate for a fiduciary apart from this provision, and even though such investment causes a greater proportion of the total trust estate to be invested in investments of one type or of one business or company than would be considered appropriate for a fiduciary apart from this provision.

3.     <u>Loans of Trust Property</u>.   The Trustee is authorized to make loans, secured or unsecured, to a beneficiary in such amounts, upon such terms, and at such rates of interest, as the Trustee shall deem advisable, provided that no such loan shall exceed such beneficiary's proportionate share of the trust.

4.     <u>Payment of Expenses and Taxes</u>.   The Trustee is authorized to incur such expenses or charges in the management of the trust estate as the Trustee shall think fit; to render the trust estate for taxes if the Trustee shall think it desirable or to refuse to do so if the Trustee thinks it undesirable, and to pay taxes, charges, and governmental assessments against the trust estate; in anticipation of such expenses, charges, taxes and assessments to set up such sinking funds as the Trustee shall think fit.

5.     <u>Reliance on Business Documents</u>. The Trustee is authorized to rely upon the authenticity of affidavits, certificates, opinion of counsel, letters, notices, telegrams, cablegrams, and other methods of communication in general use and usually accepted by business people as genuine and what they purport to be.

6.     <u>Apportionment of Income and Expenses</u>.   The Trustee is authorized to determine, in the Trustee's reasonable discretion, as to each sum of money or other thing of value held or received by the Trustee, whether and to what extent the same shall be deemed to be principal or to be income, and as to each charge or expense paid by the Trustee, whether and to what extent the same shall be charged against principal or against income, including, without hereby limiting the generality of the foregoing language, power to apportion any receipt or disbursement between principal and income and to determine what part, if any, of income is available for distribution according to the terms hereof and what part, if any, of the actual

PAGE 10

C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

income received upon a wasting investment or upon any security purchased or acquired at a premium shall be returned and added to principal to prevent a diminution of principal upon exhaustion or maturity thereof; and to set up reasonable reserves out of principal or income.

7.   <u>Transactions with Trusts and Estates</u>.   The Trustee is authorized to enter into any transaction authorized by this Section with trustees, executors or administrators of other trusts or estates in which any beneficiary hereunder has any interest, even though any such trustee or representative is also Trustee hereunder (and the Grantor specifically waives application of the provisions of sections 113.052, 113.053 and 113.054 of the Texas Trust Code for such purposes); and in any such transaction to purchase property, or make loans on notes secured by property, even though similar or identical property constitutes all or a large proportion of the balance of the trust estate, and to retain any such property or note with the same freedom as if it had been an original part of the trust estate.

8.   <u>Method of Distribution or Division</u>.   The Trustee is authorized to make all partitions and divisions contemplated by any of the provisions of this instrument.   The Trustee is authorized to make non-pro rata distributions in kind of particular assets, provided that no trust or beneficiary shall receive a lesser portion of fair market value of property than would have been received had a pro rata distribution in kind been made.

9.   <u>Continuation of Power on Termination</u>.   The Trustee is authorized to make any distribution or division of the trust property in cash or in kind or both, and to continue to exercise any powers and discretions hereunder for a reasonable period after the termination of the trust, but only for so long as no rule of law relating to perpetuities would be violated.

10.   <u>Life Insurance</u>.   The Trustee is authorized to purchase and/or pay the premiums on life insurance, retirement income or annuity contracts on the life of the beneficiaries of the trust hereby created or on the life of any person in whose life any beneficiary of the trust hereby created has an insurable interest, using income or principal for such purpose.   The Trustee is specifically authorized in its discretion to hold a single life insurance policy as the sole asset of the trust.

11.   <u>Protection of Purchaser</u>.   No purchaser at any sale made by the Trustee or person dealing with the Trustee hereunder shall be obligated to see to the application of any money or property paid or delivered to the Trustee.

12.   <u>Bond</u>.   No original or successor Trustee appointed in this instrument shall be required to furnish bond.

PAGE 11

C:\Users\admin\Dropbox\KerinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

13.  <u>Direct and Indirect Payments to Beneficiaries</u>.  All payments of income and distributions of principal to the several beneficiaries of the particular trust estate as and when such payments of distributions become due or payable may be made directly to such beneficiaries in person or upon their personal receipts or may be applied or disbursed in the Trustee's discretion, directly or indirectly, for the benefit of such beneficiaries.  In the case of beneficiaries who shall not have attained their majority or who shall be under other disability, such payments or distributions may be made to the parent, custodian under the Uniform Transfers to Minors Act or natural guardian of such beneficiaries, or may be made directly to or expended and used for the support, maintenance or education of such beneficiaries without the intervention of any legal guardian or other legal representative.

14.  <u>Income Added to Principal</u>.  The Trustee shall add net income of each trust hereunder which is not distributed at the end of each taxable year to the principal of such trust.

15.  <u>Liability of Trustee</u>.  No Trustee shall be responsible or liable for any loss which may occur by reason or depreciation in value of the properties now or hereafter belonging to the trust estate, nor for any other loss which may occur except that each trustee shall be liable for his own fraud, gross negligence or intentional malfeasance in the administration of the trust hereby created.   Under no circumstances shall any trustee ever be answerable or accountable for any money or other property which does not come within the possession or control of such trustee.

16.  <u>Accountings</u>.  Except as hereafter provided, upon request of a beneficiary of a trust created hereunder, the Trustee shall make periodic accountings, at least annually, to that beneficiary.  Accountings shall reflect the property held in trust, receipts and disbursements during the accounting period, and any other acts of the Trustee as may be necessary to furnish adequate information concerning the condition of the trust estate.  There accountings shall be deemed correct and binding on any beneficiary, and unless objection is made thereto within ninety (90) days after the Trustee makes such reports available, the Trustee shall thereafter be released from any liability for the period covered by the reports.  The beneficiaries who are entitled or permitted to receive current distributions from the trust may approve the accounts of the Trustee with the same effect as the approval of the accountings by a court of competent jurisdiction.  Notwithstanding the foregoing, the Trustee shall have no duty to provide accountings to any beneficiary who is neither entitled nor permitted to receive current distributions from the trust and who would receive no distributions from the trust if it then terminated.

PAGE 12
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

17. <u>Duty to Inform</u>.  To the extent required by law, the Trustee shall keep the beneficiaries of the Trust reasonably informed concerning the administration of the Trust and the material acts necessary for the beneficiaries of the Trust to protect their interest.  Notwithstanding the foregoing, the Trustee is relieved from the duty imposed by section 1113.060 of the Texas Trust Code to keep any of the following beneficiaries reasonably informed: (1) any beneficiary who is neither entitled nor permitted to current distributions from the Trust and who would receive no distribution from the Trust if it then terminated; and (2) any beneficiary who is under the age of twenty-five (25) years.

18. <u>Power to Combine Assets or Merge Trusts</u>.  The Trustee may, in its discretion, combine the assets of separate trusts under this trust agreement for the purpose of more convenient administration or investment for any period of time, preserving the separate character of the beneficiaries' proportionate shares, and may merge the assets of any trust hereunder with those of any other trust, by whomsoever created, maintained for the same beneficiaries upon substantially the same terms (even though the component trusts differ as to contingent beneficiaries, in which case, if the contingency occurs, the funds may be distributed in such shares as the Trustee, in its sole discretion, deems necessary to create a fair ration between the various sets of remaindermen).

19. <u>No Distributions to Satisfy Contractual or Legal Obligation</u>.  No distribution may be made to any person which would discharge another person's legal obligation to support such person.

20. <u>GST Inclusion Ratio</u>.  If property not having an inclusion ratio for purposes of the generation-skipping transfer tax equal to zero is directed to be added to a trust which has an inclusion ratio equal to zero, the Trustee may decline to make the addition and may instead administer the property as a separate trust with provisions identical to the trust having an inclusion ratio equal to zero.  If property having an inclusion ratio for purposes of the generation-skipping transfer tax equal to zero is directed to be added to a trust which has an inclusion ratio not equal to zero, the Trustee may decline to make the addition and may instead administer the property as a separate trust with provisions identical to the trust having an inclusion ratio not equal to zero.

21. <u>Division of Trusts</u>.  The Trustee may divide any trust established as the result of a provision of this instrument, at any time, into two or more separate trusts so that the federal generation-skipping transfer tax inclusion ratio as defined in Section 2642(a) of the Code for each trust shall be either zero or one.  The assets to be distributed to each such trust which is to have an inclusion ratio of zero shall either (1) already have an inclusion ratio of

PAGE 13

C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

zero because of a prior allocation of the federal generation-skipping transfer tax exemption, or (2) fairly reflect net appreciation and depreciation (occurring between the valuation date for federal generation-skipping transfer tax purposes and the date of distribution) in all of the assets from which the distribution could have been made.   Any such division shall be effective from the date specified by the Trustee, which date may be the date of the Grantor's death.   Any such separate trusts shall have the identical provisions as the original trust.   If a trust is divided into separate trusts, the Trustee may, at any time: (1) make different tax elections with respect to each separate trust, (2) expend principal and exercise any other discretionary powers with respect to such separate trusts differently, (3) invest such separate trusts differently, and (4) take all other actions consistent with such trusts being separate entities.   Further, the donee of any power of appointment with respect to a trust so divided may exercise such power differently with respect to the separate trusts created by the division.   The Trustee is exonerated from any liability arising from any exercise or failure to exercise these powers, provided the actions (or inactions) of the Trustee are made in good faith.

22.   <u>Powers Cumulative</u>.   Except as herein otherwise provided, the powers conferred upon the Trustee shall not be construed as in limitation of any authority conferred by law but as in addition thereto.

## ARTICLE IX.   <u>DEBTS, EXPENSES AND DEATH TAXES</u>

A.   <u>Payment of Debts, Expenses and Death Taxes</u>.   Except as otherwise provided herein, upon the death of the Grantor, the Trustee is authorized to pay the Grantor's Debts, Expenses, and Death Taxes (as defined below) from the Trust estate to the extent that: (a) the personal representative of the Grantor's probate estate shall certify in writing to the Trustee that the readily marketable assets included in the principal of the residue of the Grantor's probate estate are insufficient, (b) such Death Taxes are lawfully apportioned under the Will of the Grantor against the property held in trust hereunder, (c) the personal representative of the Grantor's probate estate may enforce any right or rights to recovery of Death Taxes as authorized under the Internal Revenue Code, the Texas Probate Code, or any other applicable law against such property, or (d) the Trustee determines that it would be in the best interests of the beneficiaries of the trusts

PAGE 14

C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

hereunder to pay such Debts, Expenses, and Death Taxes. Such payments may be made to the person entitled or authorized to receive such payments or to the personal representative of the Grantor's estate. The Trustee may require a certificate from the Grantor's personal representative stating the amount due and payable, and the Trustee shall in no way be bound to inquire into the legality or amount of any payments so certified by such personal representative.

B.  <u>Charges Against Exempt Assets</u>. Notwithstanding any contrary provision herein, and to the maximum extent allowed by law, no Debts, Expenses, or Death Taxes shall be charged against or satisfied out of any interest in any "Exempt Assets," except that no property shall be exonerated from any secured debt existing thereon at the time of the Grantor's death, and if property is subject to any secured debt, the Trustee is empowered to obtain renewals or extensions and to distribute property with the distributee taking subject to or assuming the debt, unless applicable law requires that the debt be paid and no contrary agreement is reached with the creditor.

C.  <u>Definitions</u>. For purposes of this Article, the following terms shall have the following meanings:

1.  <u>Debts</u>. "Debts" shall mean all debts and obligations (other than "Death Taxes," as defined below) that are legally enforceable against the Grantor's estate, and any other debts and obligations (other than Death Taxes) the payment of which, in the Trustee's discretion, is in the best interests of the trusts and the beneficiaries. Pecuniary bequests in the Grantor's Will shall be considered to be Debts.

PAGE 15
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

2.    <u>Expenses</u>.    "Expenses" shall mean all expenses incident to the Grantor's last illness, funeral, and burial, and all expenses of the administration of the Grantor's estate.

3.    <u>Death Taxes</u>.    "Death Taxes" shall mean all taxes assessed by reason of the Grantor's death, including federal, state, and foreign estate, inheritance, and succession taxes, (including generation-skipping transfer taxes payable with respect to assets passing in a manner that constitutes a "direct skip," as defined in Section 2612(c) of the Code, with respect to the Grantor, but not including any other generation-skipping transfer taxes) and all interest and penalties thereon.

4.    <u>Exempt Assets</u>.    "Exempt Assets" shall mean (i) insurance and annuities protected under Article 21.22 of the Texas Insurance Code or otherwise; (ii) any stock bonus, pension, profit sharing or similar plan (including any individual retirement account or retirement plan for self employed individuals) protected under Texas Property Code Section 42.0021 or otherwise; (iii) any other property or interest in property that, under any law, is not chargeable with the claims of the creditors of a trust hereunder or the estate of the Grantor.

## ARTICLE X.   <u>MISCELLANEOUS</u>

A.    At the time of the execution of this Trust Agreement, the Grantor has no children.

B.    Reference herein to "child" or "children" means legitimate descendants of the first degree of the named parent.    Reference to "descendants" means all of the legitimate lineal descendants of whatever degree of the named ancestor.    The terms "child," "children," and descendants shall each include lineal descendants by blood and

PAGE 16

C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

adoption, provided such adoption is by court proceedings and provided further that the adopted person was not over seventeen years of age at the time of adoption.

C.    Reference hereunder to the masculine, feminine or neuter genders shall be deemed to include the other genders, and the use of either the singular or plural number shall be interpreted to include the other number, unless otherwise stated or unless the circumstances eliminate such inclusion.

D.    A person in gestation who is later born alive shall be regarded in this instrument as a person in being during the period of gestation in determining whether any person has died without leaving issue surviving him or her, in determining, on the termination of any trust hereunder, whether such person is entitled to share in the disposition of the then-remaining principal and undistributed income of such trust and in determining, on the division of any trust into shares, whether such person is entitled to have a share set apart for him, but for other purposes, such person's rights shall accrue from the date of his birth.

E.    All trusts created herein will be administrated in the State of Texas, and the validity, construction and all provisions thereunder shall be governed by the laws of the State of Texas.

F.    If any provision or provisions in this instrument shall be invalid or unenforceable, the remaining provisions shall continue to be fully effective.

G.    The term "Trustee" refers to all Trustees where more than one Trustee is serving hereunder.

H.    If any beneficiary under this trust agreement dies within ninety (90) days after the death of the Grantor, such beneficiary shall be deemed to have predeceased the

PAGE 17
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

Grantor.   The provisions of this Paragraph shall apply to persons only in their capacities as beneficiaries, and not in their capacities as Trustees, or in any other capacities.

I.     Each gift of property to any trust created hereunder shall include all the income and property that may arise from that property.   Each interest of any beneficiary of any trust created hereunder in the principal or in the income distributed, generated, received, produced, or earned by the trust shall be, and remain, the sole and separate property of such beneficiary, regardless of when such income is distributed, generated, received, produced, or earned by the trust.

J.     The term "Code" as used herein means the Internal Revenue Code of 1986, as amended from time to time.

K.     The headings which have been used throughout this Trust Agreement have been inserted for administrative convenience only and do not constitute matter to be construed in interpreting this Trust Agreement.

## ARTICLE XI.   **ACCEPTANCE OF TRUST**

The Trustee hereby accepts the trust herein created.


IN TESTIMONY WHEREOF, the parties have hereunto executed this Agreement as of the day and year first above written.

GRANTOR:

MATTHEW GUY LANDGRAF

PAGE 18
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

TRUSTEE:

KEVIN M. ROSS

THE STATE OF TEXAS        §
                          §
COUNTY OF DALLAS          §

This instrument was acknowledged before me on the 2nd day of April,
2013, by MATTHEW GUY LANDGRAF.

NOTARY PUBLIC, STATE OF TEXAS

JOANNE B. COLBERT
Notary Public
State of Texas
Comm. Expires 08-09-2016

PAGE 19
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

## EXHIBIT A TO
## LANDGRAF REVOCABLE TRUST

Trust Assets:

| ITEM | VALUE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

PAGE 20
C:\Users\admin\Dropbox\KevinMRossPC\Landgraf\Trust.docx

Copy from re:SearchTX

# FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT

WHEREAS, Grantor entered into a Revocable Trust Agreement on the 2nd day of April, 2013.    Grantor now desires to amend and restate said Trust which is set forth below.

THIS FIRST AMENDED TRUST AGREEMENT is made this 2nd day of April, 2015, by and between MATTHEW GUY LANDGRAF hereinafter called Grantor, and KEVIN M. ROSS and his successors, hereinafter called Trustee;

## ARTICLE I.   ESTABLISHMENT OF TRUST

A.    <u>Transfer in Trust</u>.   The Grantor hereby transfers, assigns, and conveys to the Trustee any property described on <u>Exhibit A</u> attached to this Trust Agreement and made a part hereof for all purposes. The Grantor and others may at any time or from time to time contribute additional property acceptable to the Trustee to the Trust Estate created herein by an appropriate instrument of conveyance or assignment, including transfers by Will, by beneficiary designation, and otherwise.

B.    <u>Name of Trust</u>.    During the lifetime of the Grantor, this trust shall be known as the Revocable Trust u/a/d August 15, 2013.

## ARTICLE II. AMENDMENT AND REVOCATION

A.    <u>Amendment</u>.    During the lifetime of the Grantor, any of the terms of this Trust Agreement may be amended at any time by an instrument in writing signed by the Grantor and delivered to the Trustee.    Any such amendment will be effective upon delivery to the Trustee, or if later, the date specified in the instrument. Any amendment substantially

## EXHIBIT B

PAGE 1

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

DEFENDANT'S
EXHIBIT
ROSS - 2
Page 187 of 276

Copy from re:SearchTX

changing the duties, liabilities or compensation of the Trustee shall not be effective without the Trustee's consent.

B.    <u>Revocation</u>. During the Grantor's lifetime, this trust may be revoked in whole or in part by an instrument in writing signed by the Grantor and delivered to the Trustee. On revocation, the Trustee shall promptly deliver to the Grantor the revoked portion of that property.    After the death of the Grantor, all trusts created or provided for hereunder shall be irrevocable.

C.    <u>Powers Personal to Grantor</u>.    The powers to revoke and amend this instrument are personal to the Grantor and cannot be exercised on behalf of the Grantor by any other person, except that an agent or attorney in fact acting on behalf of the Grantor under a then-effective power of attorney granted by the Grantor may revoke or amend this instrument if and to the extent authorized to do so under such power of attorney.

D.    <u>Judicial Modification</u>.    The Grantor specifically authorizes the Trustee then serving to seek judicial modification of this instrument after the death of the Grantor if the Trustee determines that it would be in the best interests of the other beneficiaries of the trusts created hereunder based on any changes in the federal income, gift, estate, or generation-skipping transfer tax laws which have not yet become effective on the date hereof, and in particular, to change provisions allocating the property of the Grantor among the various trusts hereunder in order to more fully utilize any basis increase which may be available.    In such case, the only necessary parties to such a proceeding shall be the Trustee and any adult beneficiaries then eligible to receive distributions from a trust

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

hereunder.

## ARTICLE III.   DISTRIBUTIONS PRIOR TO
## DEATH OF GRANTOR

A.   <u>Distributions</u>.   If at any time prior to the death of the Grantor, there shall be transferred to the Trustee to be held in accordance with the terms of this trust agreement investment or income-producing assets, then, during the Grantor's lifetime, there shall be distributed to or for the benefit of the Grantor so much of the trust income and principal as the Grantor shall from time to time direct in writing.   In addition, the Trustee may distribute to or for the benefit of the Grantor so much of the trust income and principal as the Trustee shall determine in its sole discretion to be necessary and appropriate to provide for the comfort, health, maintenance and support of the Grantor.   Any income not so distributed shall be added to principal.

B.   <u>Use of Home as Homestead</u>.   Grantor retains the sole and exclusive right to use and occupy the Grantor's current home as the Grantor's principal residence and homestead for homestead exemption purposes under Texas law (and any other home purchased upon the sale of such home and designated by the Grantor as the Grantor's homestead) rent free and without charge, except for taxes and other expenses as specified below, until the Grantor's death.   During this time, Grantor is required to pay all expenses attributable to the homestead that a life tenant would be responsible for paying, including mortgage interest, regularly recurring ad valorem taxes, ordinary repairs, and insurance.

PAGE 3

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

## ARTICLE IV. <u>DISTRIBUTION OF TRUST ESTATE UPON GRANTOR'S DEATH</u>

Upon the death of the Grantor, the Trust Estate (including any property received by the Trustee as a consequence of the death of the Grantor) shall be distributed as follows:

A. <u>Bequests of Personal Effects</u>.

1. Grantor desires that his STI automobile shall be sold by the Trustee with the sale proceeds to be distributed according to Paragraph B of this Section;

2. Grantor desires that his Honda Magna, shall be sold by the Trustee with the sale proceeds to be distributed according to Paragraph B of this Section;

3. Grantor desires that his Weirs furniture shall be sold by the Trustee with the sale proceeds to be distributed according to Paragraph B of this Section;

4. Grantor desires that all of his rifles, guns and firearms and whatever residue remains shall be sold by the Trustee with the sale proceeds to be distributed according to Paragraph B of this Section;

5. If any of the beneficiaries listed in this Paragraph shall predecease Grantor, Grantor desires that their gift shall be distributed according to Paragraph B of this Section.

B. <u>Remaining Assets in Trust Estate</u>. The remaining assets in the Trust Estate shall be distributed in the manner as follows upon the death of Grantor:

PAGE 4

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

1.  Thirty percent (30%) shall be distributed to ████████████ he is then living;

2.  Thirty percent (30%) shall be distributed to ████████ if she is then living;

3.  Five percent (5%) shall be distributed to ██████████ if she is then living;

4.  Twenty percent (20%) shall be distributed to THE NATIONAL WWII MUSEUM located at 945 Magazine St., New Orleans, LA 70130. If the Museum is no longer in existence upon the death of the Grantor, the portion passing to THE NATIONAL WWII MUSEUM shall be distributed pro rata to the then living beneficiaries under this Section IV (B);

5.  Fifteen percent (15%) shall be distributed to SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS (SPCA) (Tax ID-#75-121660), 2400 Lonestar Drive, Dallas, TX 75212.

6.  If any of the beneficiaries named above shall predecease Grantor or shall fail to exist, their portion shall be shared pro rata amongst the then living beneficiaries named in this section of the Trust.

## ARTICLE V.  CONTINGENT TRUST

If, at the termination of any trust created hereunder, all or a portion of principal or income of such trust would otherwise pass to an individual who is under twenty-five (25) years of age or who is deemed to be incapacitated (as defined in this Article), the Trustee

PAGE 5

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

is directed, authorized and empowered to continue to hold such individual's portion as a separate and distinct trust for the benefit of such individual under the following terms and conditions:

The trust shall be named for the individual beneficiary.

The Trustee shall pay, distribute or apply the entire net income, at least annually, to or for the benefit of such individual, until such individual shall have attained the age of twenty-five (25) years, and is not incapacitated, at which time such trust shall terminate and the Trustee shall distribute the principal thereof to the individual in fee simple and free from trust.  During the existence of such trust, the Trustee shall have the power to consume, invade or appropriate all or any part of the principal of such trust estate as the Trustee deems proper and appropriate to the health, education, support or maintenance of such individual.  In case such individual shall die before distribution of all the property held under this Article for his benefit, the Trustee shall deliver all such property, free of trust, to the Executor or administrator of the estate of such individual, the receipt of the person or persons to whom any such payment or distribution is so made being a sufficient discharge thereof, even though a Trustee may be such person.

For purposes of this Article, a person shall be deemed to be incapacitated if such person shall be or become subject to a legal, mental, or physical disability which shall prevent, preclude, or substantially impair such person's ability to manage, control, and administer such person's own affairs with reasonable prudence, care and diligence, as reasonably determined by the Trustee in its good faith judgment.

## ARTICLE V.   <u>SPENDTHRIFT PROVISION</u>

No beneficiary of any trust herein created shall have the right or power to anticipate, by assignment or otherwise, any income or principal given to such beneficiary by virtue of this instrument, or any portion thereof; nor in advance of actually receiving the same shall such beneficiary have the right or power to sell, transfer, encumber, hypothecate or in anywise charge same; nor shall such income or principal, or any portion of same, be subject to any execution, garnishment, attachment, insolvency, bankruptcy, or other legal proceedings of any character, or legal sequestration, levy or sale, or in any event or

PAGE 6

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

manner be applicable or subject to the payment of such beneficiary's debts.

## ARTICLE VI.   RULE AGAINST PERPETUITIES

Notwithstanding any of the foregoing, each trust created herein or pursuant hereto not theretofore terminated shall terminate on the day preceding the expiration of twenty-one (21) years from the death of the last survivor of the Grantor and the descendants of the Grantor's parents living at the date of death of the Grantor, or, if earlier, when the Trust initially created hereunder becomes irrevocable.   Upon such termination, the assets and property comprising each such trust shall be delivered and distributed in fee simple and free of trust to the beneficiary (or to the beneficiaries, if more than one, but on a *per stirpes* basis) who would then be eligible to receive distributions from such trust had it not then terminated. Notwithstanding the foregoing, if the Texas rule against perpetuities is repealed or amended before the termination of such trust, and if the period of time during which a trust hereunder may exist is extended by such repeal or amendment before termination of such trust, then this Section shall be applied instead by using such longer period.

## ARTICLE VII.   TRUSTEESHIP PROVISIONS

A.   Appointment of Trustee.   By the execution of this trust agreement, the Grantor has appointed KEVIN M. ROSS to serve as Trustee of each Trust created under this trust agreement.   If KEVIN M. ROSS fails or ceases to serve for any reason as Trustee of any such trust, then one of the following persons shall serve in the order, priority and

PAGE 7

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

sequence named as the Trustee of such trust:

      1.    SHAWNA L. BROWN.

B.    <u>Determination of Incapacity</u>.  For purposes of the ability of KEVIN M. ROSS to serve as Trustee under this trust, such Trustee shall be deemed incapacitated if a licensed Texas physician shall certify by letter that such Trustee is incompetent, incapacitated or otherwise unable to act as Trustee hereunder.  In the event that KEVIN M. ROSS is deceased or otherwise unable to render an opinion as to KEVIN M. ROSS' incapacity, then such incapacity shall be determined by a physician licensed in the State of Texas.  For purposes of the ability of any other individual to serve as Trustee hereunder, such Trustee's incapacity shall be determined by a physician licensed in the State of Texas.  Any physician so certifying shall not be liable in any respect to any individual for rendering an opinion in good faith as to the ability of any trustee to serve.

C.    <u>Powers of Successor Trustee</u>.  Any successor Trustee hereunder shall possess and exercise all powers and authority herein conferred on the original Trustee, unless such successor be appointed by a court and the Court otherwise decrees in the order of appointment.  Such successor Trustee named herein shall be responsible only for the assets delivered by the preceding Trustees (or the legal representative thereof), and may accept as correct the statement of such predecessor Trustees (or the legal representative thereof) that such assets constitute all of the assets of the trust estate without any duty to inquire into the administration or accounting by the preceding Trustee. No successor Trustee shall be held responsible for or by reason of any act or omission of a predecessor in trust.

PAGE 8

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

D.    <u>Resignation of Trustee</u>.   Any Trustee is authorized to resign by filing a written instrument, duly acknowledged, in the Deed Records of Dallas County.   This filing shall immediately deprive such Trustee of all powers as Trustee hereunder.   At least thirty (30) days prior to such filing, such resigning Trustee shall give written notice thereof to those persons who could then with or without the exercise of discretion receive any distribution of income from the trust estate and are then *sui juris*.

E.    <u>Designation of Successor Trustee</u>.   Any Trustee then serving without a designated successor shall have the right to designate a successor Trustee to himself by filing a written instrument, duly acknowledged, in the Deed Records of Dallas County, Texas, and promptly delivering such designation to the successor Trustee wherein such designation may delegate, in whole or in part, any or all of the powers and discretions given to the Trustee making such designation, and may become effective at such time as may be set forth in the designation including the death of the Trustee making such designation.   Any such designation shall remain revocable until its effective date.   Such designated Trustee shall have all of the powers of a Trustee appointed in this instrument except to the extent that the Designation shall specify otherwise.

F.    <u>Fees and Reimbursement of Expenses</u>.   For its services as Trustee of a trust hereunder, any Trustee shall be entitled to reasonable fees commensurate with its duties and responsibilities, taking into account the value and nature of the trust estate and the time and work involved along with the expertise of the Trustee.   Further, any Trustee (including such an individual Trustee or spouse), shall be reimbursed for any expenses incurred on behalf of the trust estate.

## PAGE 9

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

## ARTICLE VIII.   TRUST POWERS

The Trustee of each trust created hereunder, whether original or successor, with respect to the trust assets and properties of the trust shall have and exercise the following rights, powers and privileges and be subject to the following duties, provisions, conditions and limitations:

1.    Usual Trust Powers.  Except as otherwise provided herein, the Trustee is authorized to exercise all powers granted to trustees and subject to all standards and limitations as provided by the common law or any statute, including every power granted to and restrictions on trustees by the Texas Trust Code, or any future amendment thereof which serves to increase the extent of the powers granted to trustees.

2.    Investment of Trust Property. The Trustee is authorized to invest and reinvest the trust estate from time to time in any property, real, personal, or mixed, including (without limiting the generality of the foregoing language) securities of domestic and foreign corporations and investment trusts, bonds, preferred stocks, common stocks, mortgages, mortgage participations, mutual funds and interests in a common trust fund, with complete discretion as to converting realty into personalty or personalty into realty or otherwise changing the character of the trust estate, even though such investment (by reason of its character, amount, proportion to the total trust estate, or otherwise) would not be considered appropriate for a fiduciary apart from this provision, and even though such investment causes a greater proportion of the total trust estate to be invested in investments of one type or of one business or company than would be considered appropriate for a fiduciary apart from this provision.

3.    Loans of Trust Property.   The Trustee is authorized to make loans, secured or unsecured, to a beneficiary in such amounts, upon such terms, and at such rates of interest, as the Trustee shall deem advisable, provided that no such loan shall exceed such beneficiary's proportionate share of the trust.

4.    Payment of Expenses and Taxes.  The Trustee is authorized to incur such expenses or charges in the management of the trust estate as the Trustee shall think fit; to render the trust estate for taxes if the Trustee shall think it desirable or to refuse to do so if the Trustee thinks it undesirable, and to pay taxes, charges, and governmental assessments against the trust

PAGE 10

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

estate; in anticipation of such expenses, charges, taxes and assessments to set up such sinking funds as the Trustee shall think fit.

5.      <u>Reliance on Business Documents</u>. The Trustee is authorized to rely upon the authenticity of affidavits, certificates, opinion of counsel, letters, notices, telegrams, cablegrams, and other methods of communication in general use and usually accepted by business people as genuine and what they purport to be.

6.      <u>Apportionment of Income and Expenses</u>.    The Trustee is authorized to determine, in the Trustee's reasonable discretion, as to each sum of money or other thing of value held or received by the Trustee, whether and to what extent the same shall be deemed to be principal or to be income, and as to each charge or expense paid by the Trustee, whether and to what extent the same shall be charged against principal or against income, including, without hereby limiting the generality of the foregoing language, power to apportion any receipt or disbursement between principal and income and to determine what part, if any, of income is available for distribution according to the terms hereof and what part, if any, of the actual income received upon a wasting investment or upon any security purchased or acquired at a premium shall be returned and added to principal to prevent a diminution of principal upon exhaustion or maturity thereof; and to set up reasonable reserves out of principal or income.

7.      <u>Transactions with Trusts and Estates</u>.    The Trustee is authorized to enter into any transaction authorized by this Section with trustees, executors or administrators of other trusts or estates in which any beneficiary hereunder has any interest, even though any such trustee or representative is also Trustee hereunder (and the Grantor specifically waives application of the provisions of sections 113.052, 113.053 and 113.054 of the Texas Trust Code for such purposes); and in any such transaction to purchase property, or make loans on notes secured by property, even though similar or identical property constitutes all or a large proportion of the balance of the trust estate, and to retain any such property or note with the same freedom as if it had been an original part of the trust estate.

8.      <u>Method of Distribution or Division</u>.    The Trustee is authorized to make all partitions and divisions contemplated by any of the provisions of this instrument.    The Trustee is authorized to make non-pro rata distributions in kind of particular assets, provided that no trust or beneficiary shall receive a lesser portion of fair market value of property than would have been received had a pro rata distribution in kind been made.

PAGE 11

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

9.    <u>Continuation of Power on Termination</u>.   The Trustee is authorized to make any distribution or division of the trust property in cash or in kind or both, and to continue to exercise any powers and discretions hereunder for a reasonable period after the termination of the trust, but only for so long as no rule of law relating to perpetuities would be violated.

10.    <u>Life Insurance</u>.   The Trustee is authorized to purchase and/or pay the premiums on life insurance, retirement income or annuity contracts on the life of the beneficiaries of the trust hereby created or on the life of any person in whose life any beneficiary of the trust hereby created has an insurable interest, using income or principal for such purpose.   The Trustee is specifically authorized in its discretion to hold a single life insurance policy as the sole asset of the trust.

11.    <u>Protection of Purchaser</u>.   No purchaser at any sale made by the Trustee or person dealing with the Trustee hereunder shall be obligated to see to the application of any money or property paid or delivered to the Trustee.

12.    <u>Bond</u>.   No original or successor Trustee appointed in this instrument shall be required to furnish bond.

13.    <u>Direct and Indirect Payments to Beneficiaries</u>.   All payments of income and distributions of principal to the several beneficiaries of the particular trust estate as and when such payments of distributions become due or payable may be made directly to such beneficiaries in person or upon their personal receipts or may be applied or disbursed in the Trustee's discretion, directly or indirectly, for the benefit of such beneficiaries.   In the case of beneficiaries who shall not have attained their majority or who shall be under other disability, such payments or distributions may be made to the parent, custodian under the Uniform Transfers to Minors Act or natural guardian of such beneficiaries, or may be made directly to or expended and used for the support, maintenance or education of such beneficiaries without the intervention of any legal guardian or other legal representative.

14.    <u>Income Added to Principal</u>.   The Trustee shall add net income of each trust hereunder which is not distributed at the end of each taxable year to the principal of such trust.

15.    <u>Liability of Trustee</u>.   No Trustee shall be responsible or liable for any loss which may occur by reason or depreciation in value of the properties now or hereafter belonging to the trust estate, nor for any other loss which may occur except that each trustee shall be liable for his own fraud, gross

PAGE 12

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

negligence or intentional malfeasance in the administration of the trust hereby created.   Under no circumstances shall any trustee ever be answerable or accountable for any money or other property which does not come within the possession or control of such trustee.

16.   <u>Accountings</u>.   Except as hereafter provided, upon request of a beneficiary of a trust created hereunder, the Trustee shall make periodic accountings, at least annually, to that beneficiary.   Accountings shall reflect the property held in trust, receipts and disbursements during the accounting period, and any other acts of the Trustee as may be necessary to furnish adequate information concerning the condition of the trust estate.   There accountings shall be deemed correct and binding on any beneficiary, and unless objection is made thereto within ninety (90) days after the Trustee makes such reports available, the Trustee shall thereafter be released from any liability for the period covered by the reports.   The beneficiaries who are entitled or permitted to receive current distributions from the trust may approve the accounts of the Trustee with the same effect as the approval of the accountings by a court of competent jurisdiction.   Notwithstanding the foregoing, the Trustee shall have no duty to provide accountings to any beneficiary who is neither entitled nor permitted to receive current distributions from the trust and who would receive no distributions from the trust if it then terminated.

17.   <u>Duty to Inform</u>.   To the extent required by law, the Trustee shall keep the beneficiaries of the Trust reasonably informed concerning the administration of the Trust and the material acts necessary for the beneficiaries of the Trust to protect their interest.   Notwithstanding the foregoing, the Trustee is relieved from the duty imposed by section 1113.060 of the Texas Trust Code to keep any of the following beneficiaries reasonably informed: (1) any beneficiary who is neither entitled nor permitted to current distributions from the Trust and who would receive no distribution from the Trust if it then terminated; and (2) any beneficiary who is under the age of twenty-five (25) years.

18.   <u>Power to Combine Assets or Merge Trusts</u>.   The Trustee may, in its discretion, combine the assets of separate trusts under this trust agreement for the purpose of more convenient administration or investment for any period of time, preserving the separate character of the beneficiaries' proportionate shares, and may merge the assets of any trust hereunder with those of any other trust, by whomsoever created, maintained for the same beneficiaries upon substantially the same terms (even though the component trusts differ as to contingent beneficiaries, in which case, if the contingency occurs, the funds may be distributed in such shares as the Trustee, in its sole

PAGE 13

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

discretion, deems necessary to create a fair ration between the various sets of remaindermen).

19.    No Distributions to Satisfy Contractual or Legal Obligation.    No distribution may be made to any person which would discharge another person's legal obligation to support such person.

20.    GST Inclusion Ratio.    If property not having an inclusion ratio for purposes of the generation-skipping transfer tax equal to zero is directed to be added to a trust which has an inclusion ratio equal to zero, the Trustee may decline to make the addition and may instead administer the property as a separate trust with provisions identical to the trust having an inclusion ratio equal to zero.    If property having an inclusion ratio for purposes of the generation-skipping transfer tax equal to zero is directed to be added to a trust which has an inclusion ratio not equal to zero, the Trustee may decline to make the addition and may instead administer the property as a separate trust with provisions identical to the trust having an inclusion ratio not equal to zero.

21.    Division of Trusts.    The Trustee may divide any trust established as the result of a provision of this instrument, at any time, into two or more separate trusts so that the federal generation-skipping transfer tax inclusion ratio as defined in Section 2642(a) of the Code for each trust shall be either zero or one.    The assets to be distributed to each such trust which is to have an inclusion ratio of zero shall either (1) already have an inclusion ratio of zero because of a prior allocation of the federal generation-skipping transfer tax exemption, or (2) fairly reflect net appreciation and depreciation (occurring between the valuation date for federal generation-skipping transfer tax purposes and the date of distribution) in all of the assets from which the distribution could have been made.    Any such division shall be effective from the date specified by the Trustee, which date may be the date of the Grantor's death.    Any such separate trusts shall have the identical provisions as the original trust.    If a trust is divided into separate trusts, the Trustee may, at any time: (1) make different tax elections with respect to each separate trust, (2) expend principal and exercise any other discretionary powers with respect to such separate trusts differently, (3) invest such separate trusts differently, and (4) take all other actions consistent with such trusts being separate entities.    Further, the donee of any power of appointment with respect to a trust so divided may exercise such power differently with respect to the separate trusts created by the division.    The Trustee is exonerated from any liability arising from any exercise or failure to exercise these powers, provided the actions (or inactions) of the Trustee are made in good faith.

22.    Powers Cumulative.    Except as herein otherwise provided, the

PAGE 14

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

powers conferred upon the Trustee shall not be construed as in limitation of any authority conferred by law but as in addition thereto.

## ARTICLE IX.    DEBTS, EXPENSES AND DEATH TAXES

A.    <u>Payment of Debts, Expenses and Death Taxes</u>.    Except as otherwise provided herein, upon the death of the Grantor, the Trustee is authorized to pay the Grantor's Debts, Expenses, and Death Taxes (as defined below) from the Trust estate to the extent that: (a) the personal representative of the Grantor's probate estate shall certify in writing to the Trustee that the readily marketable assets included in the principal of the residue of the Grantor's probate estate are insufficient, (b) such Death Taxes are lawfully apportioned under the Will of the Grantor against the property held in trust hereunder, (c) the personal representative of the Grantor's probate estate may enforce any right or rights to recovery of Death Taxes as authorized under the Internal Revenue Code, the Texas Probate Code, or any other applicable law against such property, or (d) the Trustee determines that it would be in the best interests of the beneficiaries of the trusts hereunder to pay such Debts, Expenses, and Death Taxes.    Such payments may be made to the person entitled or authorized to receive such payments or to the personal representative of the Grantor's estate.    The Trustee may require a certificate from the Grantor's personal representative stating the amount due and payable, and the Trustee shall in no way be bound to inquire into the legality or amount of any payments so certified by such personal representative.

B.    <u>Charges Against Exempt Assets</u>.    Notwithstanding any contrary provision herein, and to the maximum extent allowed by law, no Debts, Expenses, or Death Taxes

PAGE 15

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

shall be charged against or satisfied out of any interest in any "Exempt Assets," except that no property shall be exonerated from any secured debt existing thereon at the time of the Grantor's death, and if property is subject to any secured debt, the Trustee is empowered to obtain renewals or extensions and to distribute property with the distributee taking subject to or assuming the debt, unless applicable law requires that the debt be paid and no contrary agreement is reached with the creditor.

C.   Definitions.   For purposes of this Article, the following terms shall have the following meanings:

1.   Debts.   "Debts" shall mean all debts and obligations (other than "Death Taxes," as defined below) that are legally enforceable against the Grantor's estate, and any other debts and obligations (other than Death Taxes) the payment of which, in the Trustee's discretion, is in the best interests of the trusts and the beneficiaries.   Pecuniary bequests in the Grantor's Will shall be considered to be Debts.

2.   Expenses.   "Expenses" shall mean all expenses incident to the Grantor's last illness, funeral, and burial, and all expenses of the administration of the Grantor's estate.

3.   Death Taxes.   "Death Taxes" shall mean all taxes assessed by reason of the Grantor's death, including federal, state, and foreign estate, inheritance, and succession taxes, (including generation-skipping transfer taxes payable with respect to assets passing in a manner that constitutes a "direct skip," as defined in Section 2612(c) of the Code, with respect to the Grantor, but not including any other generation-skipping transfer taxes) and all interest and penalties thereon.

### PAGE 16

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

4.    Exempt Assets.    "Exempt Assets" shall mean (i) insurance and annuities protected under Article 21.22 of the Texas Insurance Code or otherwise; (ii) any stock bonus, pension, profit sharing or similar plan (including any individual retirement account or retirement plan for self employed individuals) protected under Texas Property Code Section 42.0021 or otherwise; (iii) any other property or interest in property that, under any law, is not chargeable with the claims of the creditors of a trust hereunder or the estate of the Grantor.

## ARTICLE X.   MISCELLANEOUS

A.    At the time of the execution of this Trust Agreement, the Grantor has no children.

B.    Reference herein to child or children means legitimate descendants of the first degree of the named parent.   Reference to descendants means all of the legitimate lineal descendants of whatever degree of the named ancestor.   The terms child, children, and descendants shall each include lineal descendants by blood and adoption, provided such adoption is by court proceedings and provided further that the adopted person was not over seventeen years of age at the time of adoption.

C.    Reference hereunder to the masculine, feminine or neuter genders shall be deemed to include the other genders, and the use of either the singular or plural number shall be interpreted to include the other number, unless otherwise stated or unless the circumstances eliminate such inclusion.

D.    A person in gestation who is later born alive shall be regarded in this instrument as a person in being during the period of gestation in determining whether any person has

PAGE 17

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

died without leaving issue surviving him or her, in determining, on the termination of any trust hereunder, whether such person is entitled to share in the disposition of the then-remaining principal and undistributed income of such trust and in determining, on the division of any trust into shares, whether such person is entitled to have a share set apart for him, but for other purposes, such persons rights shall accrue from the date of his birth.

E.    All trusts created herein will be administrated in the State of Texas, and the validity, construction and all provisions thereunder shall be governed by the laws of the State of Texas.

F.    If any provision or provisions in this instrument shall be invalid or unenforceable, the remaining provisions shall continue to be fully effective.

G.    The term ATrustee@ refers to all Trustees where more than one Trustee is serving hereunder.

H.    If any beneficiary under this trust agreement dies within ninety (90) days after the death of the Grantor, such beneficiary shall be deemed to have predeceased the Grantor.  The provisions of this Paragraph shall apply to persons only in their capacities as beneficiaries, and not in their capacities as Trustees, or in any other capacities.

I.    Each gift of property to any trust created hereunder shall include all the income and property that may arise from that property.  Each interest of any beneficiary of any trust created hereunder in the principal or in the income distributed, generated, received, produced, or earned by the trust shall be, and remain, the sole and separate property of

PAGE 18

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

such beneficiary, regardless of when such income is distributed, generated, received, produced, or earned by the trust.

J.    The term "Code" as used herein means the Internal Revenue Code of 1986, as amended from time to time.

K.    The headings which have been used throughout this Trust Agreement have been inserted for administrative convenience only and do not constitute matter to be construed in interpreting this Trust Agreement.


## ARTICLE XI.    ACCEPTANCE OF TRUST

The Trustee hereby accepts the trust herein created.


IN TESTIMONY WHEREOF, the parties have hereunto executed this Agreement as of the day and year first above written.

GRANTOR:

MATTHEW GUY LANDGRAF

TRUSTEE:

KEVIN M. ROSS


PAGE 19

FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT

Copy from re:SearchTX

THE STATE OF TEXAS

COUNTY OF DALLAS

    This instrument was acknowledged before me on the 2nd day of April, 2015, by MATTHEW GUY LANDGRAF.

LATICE MARIE COLEMAN
My Commission Expires
October 20, 2016

_____
NOTARY PUBLIC, STATE OF TEXAS

PAGE 20

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX

## EXHIBIT A TO
## LANDGRAF REVOCABLE TRUST

Trust Assets:

| ITEM | VALUE |
|------|-------|
|      |       |
|      |       |
|      |       |
|      |       |
|      |       |

PAGE 21

**FIRST AMENDED AND RESTATED LANDGRAF REVOCABLE TRUST AGREEMENT**

Copy from re:SearchTX



201400223698
DEED  1/3

09/02/2014 04:11:01 PM

WHEN RECORDED RETURN TO:

Kevin M. Ross
**Bennett, Weston, LaJone & Turner, P.C.**
1603 LBJ Freeway, #280
Dallas, Texas 75234

**NOTICE OF CONFIDENTIALLY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**SPECIAL WARRANTY DEED (LIFE ESTATE DETERMINABLE RESERVED)**
*("Deed")*

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **KNOW ALL MEN BY THESE PRESENTS:** |
| **COUNTY OF COLLIN** | § | |

**MATTHEW GUY LANDGRAF,** *("Grantor")*, whose address is 9214 Miles Road; Rowlett, Texas, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) paid to Grantor and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and the further consideration of the payment by Grantee, from and after the date hereof, has **GRANTED, SOLD,** and **CONVEYED** and does hereby **GRANT, SELL,** and **CONVEY** unto KEVIN M. ROSS, TRUSTEE of LANDGRAF REVOCABLE TRUST, U/A/D APRIL 2, 2013 *("Grantee")*, whose address is 1603 LBJ Freeway, Suite 280, Dallas, Texas 75234, the following described property, together with all improvements on it.

COMMENCING at the intersection of the Northwest R.O.W. line of Castle Drive, (a 60 ft. R.O.W.) and the Northeast R.O.W. line of Miles Road, (a 60 ft. R.O.W.);

THENCE North 32 deg. 11 min. West with the Northeast line of Miles Road, 765.91 feet to an iron stake for the P.C. of curve to the left, having a radius of 1395.42 feel;

THENCE Northwesterly with the Northeast R.O.W. of Miles Road and said curve to the left, 324.73 feet to an iron stake for P.T. of curve;

THENCE North 45 deg. 31 min. West with the N.E. R.O.W. line of

SPECIAL WARRANTY DEED
Page 1

**EXHIBIT C**



**DEFENDANT'S EXHIBIT**
ROSS - 4

Copy from re:SearchTX

Miles Road 179.91 feet to an iron stake for P.C. of curve, to the left, said curve having a radius of 352.51 feet;

THENCE Northwesterly with said curve to the left 181.90 feel to an iron stake for corner;

THENCE North 01 deg. 21 min. West 278.50 feet to a point for corner;

THENCE North 38 deg. 58 min. West 233.50 feet to a point for corner.

THENCE North 25 deg. 14 min. East 33.88 feet to a Place of Beginning;

THENCE North 25 deg. 14 min. East 208.73 feet to an iron stake for corner;

THENCE South 25 deg. 14 min. West 208.73 feet to an iron stake for corner;

THENCE South 64 deg. 46 min. East 208.73 feet to an iron stake for corner and containing 1.00 acres of land

This conveyance is made and accepted subject to all zoning laws, and regulations and ordinances of municipal and/or governmental authorities; and made and accepted as to all matters set out herein above.

THE CONVEYANCE OF THE REAL PROPERTY IS MADE "AS IS, WHERE IS" AND "WITH ALL FAULTS", AND EXCEPT FOR THE SPECIAL WARRANTY OF TITLE HEREIN EXPRESSLY PROVIDED. GRANTORS MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS, IMPLIED OR STATUTORY, WITH RESPECT TO THE REAL PROPERTY OR ANY PORTION OR ASPECT THEREOF, INCLUDING, WITHOUT LIMITATION, THE PHYSICAL CONDITION, FINANCIAL CONDITION, BUSINESS CONDITION, HABITABILITY, HEALTH AND ENVIRONMENTAL MATTERS, SUITABILITY FOR GRANTEE'S PURPOSES, FITNESS FOR A PARTICULAR PURPOSE, AND/OR MERCHANTABILITY.

TO HAVE AND TO HOLD the Real Property, together with all rights and appurtenances pertaining thereto, unto Grantees and Grantees' successors and assigns forever; and Grantors do hereby bind themselves and its successors and assigns to WARRANT and FOREVER DEFEND, all and singular, the Real Property unto Grantees and Grantees'

SPECIAL WARRANTY DEED
Page 2

Copy from re:SearchTX

successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantors.

All taxes and assessments for the year in which this Deed is executed have been prorated as of the effective date of this Deed, and Grantees hereby assume liability for the payment thereof.

Grantor was bequeathed this property when a surviving spouse, W.N. Nichols, was living on the property and asserted his right of occupancy under the Texas Probate code. This conveyance is subject to a life estate of W.N. Nichols for one acre of said property to be used until W.N. Nichols either dies or abandons said property.

EXECUTED as of this 26th day of August, 2014

GRANTOR:

MATTHEW GUY LANDGRAF

By: _____
MATTHEW GUY LANDGRAF

### ACKNOWLEDGMENT

STATE OF TEXAS      §
                                §
COUNTY OF DALLAS    §

This instrument was acknowledged before me on August 26, 2014, by MATTHEW GUY LANDGRAF.



_____
Notary Public

LATICE MARIE COLEMAN
My Commission Expires
October 20, 2016

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
09/02/2014 04:11:01 PM
$34.00

SPECIAL WARRANTY DEED
Page 3



201400223698

Copy from re:SearchTX



09/02/2014 04:11:00 PM

201400223697
DEED    1/4

WHEN RECORDED RETURN TO:

Kevin M. Ross
**Bennett, Weston, LaJone & Turner, P.C.**
1603 LBJ Freeway, #280
Dallas, Texas 75234

NOTICE OF CONFIDENTIALLY RIGHTS:  IF YOU ARE A NATURAL PERSON,  YOU  MAY  REMOVE  OR  STRIKE  ANY  OF  THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## SPECIAL WARRANTY DEED
### *("Deed")*

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **KNOW ALL MEN BY THESE PRESENTS:** |
| **COUNTY OF COLLIN** | § | |

**MATTHEW GUY LANDGRAF,** *("Grantor")*, whose address is 9214 Miles Road; Rowlett, Texas, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) paid to Grantor and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and the further consideration of the payment by Grantee, from and after the date hereof, has **GRANTED, SOLD,** and **CONVEYED** and does hereby **GRANT, SELL,** and **CONVEY** unto KEVIN M. ROSS, TRUSTEE of LANDGRAF REVOCABLE TRUST, U/A/D APRIL 2, 2013 *("Grantee")*, whose address is 1603 LBJ Freeway, Suite 280, Dallas, Texas 75234, the following described property, together with all improvements on it.

All that certain lot, tract or parcel of land lying and being situated in the County of Dallas, State of Texas, and Being out of the REASON CRJST SURVEY, ABSTRACT NO. 225, and being a part of a 79.64 acre tract described in Deed from M. B. Shugart, et ux to Guy McCallum, recorded in Vol. 737, Page 44 of the Deed Records of Dallas County, Texas and being more particularly described as follows:

COMMENCING at the intersection of the Northwest R.O.W. line of Castle Drive (a 60 foot R.O.W.) and the Northeast R.O.W. line of Miles Road, (a 60 ft. R.O.W.); Thence North 32 deg. 11 min. West with the Northeast line of Miles Road, 765.91 feet to an iron stake for P.C. of curve to the left having a radius of 1395.42 feet;

THENCE Northwesterly with the Northeast R.O.W. of Miles Road and said curve to the left, 324.73 feet to an iron stake for P. T. of curve;

SPECIAL WARRANTY DEED
Page 1

DEFENDANT'S
EXHIBIT

ROSS - 3

Copy from re:SearchTX

THENCE North 45 deg. 31 min. West with the Northeast R.O.W. line of Miles Road 179.91 feet to an iron stake for P.C. of curve to the left, said curve having a radius of 352.51 feet;

THENCE Northwesterly with said curve to the left 181.90 feet to an iron stake for PLACE OF BEGINNING;

THENCE Northwesterly with said curve to the left and the North R.O.W. of Miles Road 240.26 feet to an iron stake for P. T. of curve;

THENCE South 65 deg. 51 min. 30 sec. West with the Northwest R.O.W. line of Miles Road 121.74 feet to an iron stake for P.C. of a curve to the right;

THENCE Northwesterly with said curve to the right and the Northwest R.O.W. line of Miles Road, 354.09 feet to an iron stake for P. T. of curve;

THENCE North 44 deg. 59 min. 30 sec. West with the Northeast R.O.W. line of Miles Road 1087.45 feet to an iron stake for comer;

THENCE North 89 deg. 59 min. 30 sec. West with the Northwest R.O.W. line of Miles Road, 42.36 feet to an iron stake for comer;

THENCE North 44 deg. 59 min. 30 sec. West with the Northeast R.O.W. of Miles Road, 35.00 feet to an iron stake on the West comer of said McCallum tract;

THENCE North 46 deg. 00 min. 30 sec. East with a fence line, a tree line, and the Northwest line of said McCallum tract, 1661.65 feet to an iron stake for comer;

THENCE South 45 deg. 28 min. 30 sec. East with the Northeast line of said McCallum tract and a fence line 418.34 feet to an iron stake for corner;

THENCE South 45 deg. 16 min. 00 sec. East with the Northeast line of said McCallum tract and a fence line 257.87 feet to an iron stake for corner;

THENCE South 12 deg. 21 min. 00 sec. West with the East line of said McCallum tract and a fence line 467.25 feet to an iron stake for corner;

THENCE South 44 deg. 41 min. 30 sec. East with the Northeast line of said McCallum tract and a fence line 262.09 feet to an iron stake for corner;

THENCE South 32 deg. 24 min. East with a fence line 567.28 feet to an iron stake for corner;

THENCE South 01 deg. 21 min. East, 334.01 feet to the PLACE OF BEGINNING and containing 45.86 acres of land.

**SPECIAL WARRANTY DEED**
Page 2

Copy from re:SearchTX

This conveyance is made and accepted subject to all zoning laws, and regulations and ordinances of municipal and/or governmental authorities; and made and accepted as to all matters set out herein above.

**THE CONVEYANCE OF THE REAL PROPERTY IS MADE "AS IS, WHERE IS" AND "WITH ALL FAULTS", AND EXCEPT FOR THE SPECIAL WARRANTY OF TITLE HEREIN EXPRESSLY PROVIDED. GRANTORS MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS, IMPLIED OR STATUTORY, WITH RESPECT TO THE REAL PROPERTY OR ANY PORTION OR ASPECT THEREOF, INCLUDING, WITHOUT LIMITATION, THE PHYSICAL CONDITION, FINANCIAL CONDITION, BUSINESS CONDITION, HABITABILITY, HEALTH AND ENVIRONMENTAL MATTERS, SUITABILITY FOR GRANTEE'S PURPOSES, FITNESS FOR A PARTICULAR PURPOSE, AND/OR MERCHANTABILITY.**

**TO HAVE AND TO HOLD** the Real Property, together with all rights and appurtenances pertaining thereto, unto Grantees and Grantees' successors and assigns forever; and Grantors do hereby bind themselves and its successors and assigns to **WARRANT AND FOREVER DEFEND**, all and singular, the Real Property unto Grantees and Grantees' successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantors.

All taxes and assessments for the year in which this Deed is executed have been prorated as of the effective date of this Deed, and Grantees hereby assume liability for the payment thereof.

**SPECIAL WARRANTY DEED**
Page 3

Copy from re:SearchTX

**EXECUTED** as of this 26th day of August, 2014

GRANTOR:

MATTHEW GUY LANDGRAF

By: _____

MATTHEW GUY LANDGRAF

## ACKNOWLEDGMENT

STATE OF TEXAS                §
                             §
COUNTY OF DALLAS             §

This instrument was acknowledged before me on August 26, 2014, by MATTHEW GUY LANDGRAF.

_____

Notary Public

LATICE MARIE COLEMAN
My Commission Expires
October 20, 2016

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
09/02/2014 04:11:00 PM
$38.00

SPECIAL WARRANTY DEED
Page 4



201400223697

Copy from re:SearchTX