# TAB 19

Filed: 10/11/2017 11:44 AM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 19993952

## CAUSE NO. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 296th JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, | § | |
| FOR THE USE AND BENEFIT OF | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| STi REAL ESTATE, LLC, | § | |
| | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## ANSWER OF DEFENDANTS MATTHEW G. LANDGRAF AND KEVIN M. ROSS, TRUSTEE FOR THE USE AND BENEFIT OF MATTHEW G. LANDGRAF TO PLAINTIFFS' FIRST AMENDED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

TO THE HONORABLE COURT:

Matthew G. Landgraf ("Landgraf"), and Kevin M. Ross, Trustee for the Use and Benefit of Matthew G. Landgraf ("Trust"), by and through their Counsel, herewith answer *Plaintiffs' First Amended Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction*. Throughout this *Answer*, Defendants Landgraf and Trust shall be referred to collectively herein

– 1 –

Copy from re:SearchTX

as "Defendants," but it will be understood that STi Family Holdings, L.P. ("L.P."),

STi Family Management, LLC ("Management") and STi Real Estate, LLC ("Real

Estate") and Kevin M. Ross, Individually, are also defendant but will speak

through separate counsel.

## FIRST DEFENSE

1.      *Response to Paragraph 2.1*:      Defendants admit that Plaintiff M.B.

is an individual but deny for want of information that M.B. is a resident of the

State of Florida.

2.      *Response to Paragraph 2.2*:      Defendants admit that Plaintiff I.B. is

an individual but deny for want of information that I.B. is a resident of the State of

California.

3.      *Response to Paragraph 2.3*:      Defendants admit that Plaintiff J.S. is

an individual but deny for want of information that J.S. is a resident of the State of

Texas.

4.      *Response to Paragraph 2.4*:      Defendants admit all of the averments

of fact set out in Paragraph 2.4.

5.      *Response to Paragraph 2.5*:      Defendants     deny     for     want     of

information the averments of fact set out in Paragraph 2.5.

Copy from re:SearchTX

6.     *Response to Paragraph 2.6*:     Defendants   deny   for   want   of information all of the averments of fact set out in Paragraph 2.6.

7.     *Response to Paragraph 2.7*:     Defendants admit all of the averments of fact set out in Paragraph 2.7.

8.     *Response to Paragraph 2.8*:     Defendants admit all of the averments of fact set out in Paragraph 2.8.

9.     *Response to Paragraph 2.9:*     Defendants admit all of the averments of fact set out in Paragraph 2.9.

10.     *Response to Paragraph 3.1*:     Defendants   admit   all   of   the averments of fact set out in Paragraph 3.1.

11.     *Response to Paragraph 3.2*:     Defendants admit that this court has jurisdiction over Defendant Matthew Guy Landgraf because he is a Texas resident, but deny for want of information that this court has jurisdiction over him by virtue of a judgment entered against him in Cause No. 296-02629-2016.

12.     *Response to Paragraph 3.3*:     Defendants admit that this Court has jurisdiction over the Trust. Defendants deny for want of information all other the averments of fact set out in Paragraph 3.3.

– 3 –

Copy from re:SearchTX

13.     *Response to Paragraph 3.4:*           Defendants deny for want of information that this Court has jurisdiction over Defendant Kevin M. Ross, individually, because he is a Texas resident.

14.     *Response to Paragraph 3.5:*           Defendants admit all of the averments of fact set out in Paragraph 3.5.

15.     *Response to Paragraph 3.6:*     Defendants admit all of the averments of fact set out in Paragraph 3.6.

16.     *Response to Paragraph 3.7:*           Defendants admit all of the averments of fact set out in Paragraph 3.7.

17.     *Response to Paragraph 3.8:*           Defendants deny for want of information all of the averments of fact set out in Paragraph 3.8.

18.     *Response to Paragraph 4.1:*     Defendants admit that on or about March 22, 2012, Landgraf was arrested in connection with charges of production of child pornography. Defendants admit that on or about April 12, 2012, Landgraf was indicted in federal court on two counts of production of child pornography involving Plaintiff M.B.  Defendants deny for want of information that the copy attached to Plaintiffs' *First Amended Petition* as Exhibit "A" is a true and correct copy of said indictment.  Defendants deny for want of information that Plaintiffs I.B. and J.S. were not named in the criminal case. Defendants deny that Plaintiffs

– 4 –

Copy from re:SearchTX

I.B. and J.S. were also victims of Landgraf's criminal conduct. Defendants admit that at the time of his arrest and indictment, Landgraf was married to the mother of Plaintiffs M.B. and I.B. Defendants admit that Landgraf pled guilty to the two counts set out in the Indictment, and that an order finding Defendant Landgraf guilty was entered November 13, 2012. Defendants deny for want of information that that the copy attached to Plaintiffs' *First Amended Petition* as Exhibit "B" is a true and correct copy of said Order. Defendants admit that a judgment of conviction was entered sentencing Landgraf on November 22, 2013, to 180 months (15 years) in prison and was ordered to surrender to the Federal Bureau of Prisons on January 21, 2014. Defendants deny for want of information that that the copy attached to Plaintiffs' *First Amended Petition* as Exhibit "C" is a true and correct copy of said Judgment in a Criminal Case. Defendants deny that at the time of his arrest, Landgraf knew or should have known the Plaintiffs' civil claims against him had accrued. Defendants deny for want of information all other averments of fact set out in Paragraph 4.1.

19.    *Response to Paragraph 4.2:*          Defendants admit all of the averments of fact set out in Paragraph 4.2.

20.    *Response to Paragraph 4.3:*     Defendants deny that Defendant Landgraf sought to protect his assets from his creditors. Defendants admit that Defendant Landgraf was referred to Defendant Ross by his criminal attorney.

– 5 –

Copy from re:SearchTX

Defendants deny for want of information that Defendant Landgraf retained
Defendant Ross in August 2012, and Defendants deny that Defendant Landgraf
retained Defendant Ross in order to assist him in transferring ownership of his
assets and placing them beyond the reach of his creditors.  Defendants admit that
Defendant Landgraf executed a general power of attorney in favor of Defendant
Ross, but deny for want of information that said execution occurred about six
months after August 2012, and deny for want of information whether the powers
conferred by said general power of attorney gave Defendant Ross broad authority
over Defendant Landgraf's assets. Defendants admit that at the time he was
retained, Defendant Ross knew Defendant Landgraf was under federal indictment
for production of child pornography. Defendants deny for want of information that
Defendant Ross actively engaged in activities in furtherance of the sale of the real
property including, but not limited to, engaging an appraiser and broker in
connection with the sale and communicating with potential buyers of the property,
and Defendants deny for want of information that any conduct of Defendant Ross
was undertaken despite his knowledge of Defendant Landgraf's criminal charges.

21.    *Response to Paragraph 4.4:* Defendants admit that on or about April 2,
2013, Defendant Landgraf created the Landgraf Revocable Trust with the
assistance of Defendant Ross. Defendants deny for want of information that
Defendant Ross drafted the trust agreement, but admit that he serves as trustee of

– 6 –

Copy from re:SearchTX

the Trust. Defendants admit that shortly thereafter, on July 22, 2013, Defendant

Landgraf also caused to be formed STi Family Holdings, LP, STi Family

Management, LLC and STi Real Estate, LLC (referred to collectively herein as the

"Entity Defendants").   Defendants deny for want of information that the Entity

Defendants by Defendant Ross to Defendant Landgraf. Defendants admit that

Defendant Ross is the registered agent for the Entity Defendants and that principal

place of business of the entity Defendants is Defendant Ross's business address,

past and present. Defendants admit that Defendant Ross is a member of Defendant

STi – GP, which is the general partner of Defendant STi – LP and a member of

Defendant STi Real Estate. Defendants deny for want of information that

Defendant Ross hired a CPA to file franchise tax returns on behalf of the Entity

Defendants. Defendants deny for want of information that Landgraf made capital

contributions to the Entity Defendants. Defendants deny for want of information

that Landgraf transferred other assets to the Entity Defendants. Defendants admit

that Landgraf transferred his ownership interests in the Entity Defendants, in whole

or in part, to the Trust, but deny for want of information that the transfer occurred

on or about July 31, 2013.

22.   *Response to Paragraph 4.5:*    Defendants    deny    for    want    of

information on or about August 26, 2014, Landgraf transferred his ownership

interests in the property described in Paragraph 4.4 of Plaintiffs' *First Amended*

– 7 –

Copy from re:SearchTX

*Petition* to the Trust, because Defendants are unclear how Plaintiffs' use of the term "property" differs from "interests in the Entity Defendants," addressed in Paragraph 4.4. Defendants deny for want of information that Defendant Ross prepared or recorded deeds with the Dallas County Clerk's office.

23.    *Response to Paragraph 4.6:*    Defendants admit that Plaintiffs filed suit in Case No. 4:14-cv-00708 against Landgraf in the United States District Court for the Eastern District of Texas on November 7, 2014, alleging damages and injuries sustained as the result of Landgraf's conduct. Defendants admit that a Final Default Judgment was entered by the Court on April 6, 2016, but deny for want of information that the copy attached to Plaintiffs' *First Amended Petition* as Exhibit "H" is a true and correct copy of said Final Default Judgment.  Defendants admit that the aforesaid Judgment was registered in state court in the 296th District Court, Collin County, Texas in Cause No. 296-02629-2016.  Defendants deny for want of information that this judgment became final on July 26, 2016 or is a valid and subsisting judgment. Defendants deny for want of information all other averments of fact set out in Paragraph 4.6.

24.    *Response to Paragraph 4.7:*    Defendants deny all of the averments of fact set out in Paragraph 4.7.

25.    *Response to Paragraph 4.8:*    Defendants deny all of the averments of fact set out in Paragraph 4.8, except Defendants admit that Defendant

Copy from re:SearchTX

Landgraf retains possession or control of the property transferred into the Trust or to the Entity Defendants.

26.    *Response to Paragraph 4.9:*          Defendants deny all of the averments of fact set out in Paragraph 4.9, except Defendants admit that Defendant Ross has been Defendant Landgraf's primary contact concerning his financial affairs.

27.    *Response to Paragraph 4.10:*          Defendants deny all of the averments of fact set out in Paragraph 4.10.

28.    *Response to Paragraph 4.11:*    Defendants deny all of the averments of fact set out in Paragraph 4.11.

29.    *Response to Paragraph 4.12:*    Defendants deny all of the averments of fact set out in Paragraph 4.12.

30.    *Response to Paragraph 5.1:*          This Paragraph requires no separate response.

31.    *Response to Paragraph 5.2:*    Defendants deny all of the averments of fact set out in Paragraph 5.2

32.    *Response to Paragraph 6.1:*          This Paragraph requires no separate response.

– 9 –

Copy from re:SearchTX

33.   *Response to Paragraph 6.2:*   Defendants deny that Plaintiffs are entitled to a constructive trust.

34.   *Response to Paragraph 7.1:*   This Paragraph requires no separate response.

35.   *Response to Paragraph 7.2:*   Defendants deny all of the averments of fact set out in Paragraph 7.2.

36.   *Response to Paragraph 8.1:*   Defendants admit that a controversy exists concerning the nature and characterization of the real property owned by Landgraf or the Trust and made the subject of this lawsuit, and that the parties disagree whether the real property the subject of this suit constitutes a Homestead under Texas Constitution, Article XVI, §§ 50-51, and Tex. Prop. Code §§ 41.001-41.002, and whether the proceeds from the sale of the real property remain exempt for 6 months from date of sale under Texas Constitution, Article XVI, § 50, and Tex. Prop. Code § 41.001. Defendants admit that the parties disagree whether the real property is "urban" or "rural" for purposes of determining the nature and extent of any Homestead exemption, if any can be claimed on the subject real property. Defendants deny for want of information all other averments of fact set out in Paragraph 8.1.

Copy from re:SearchTX

37.    *Response to Paragraph 8.2:*    Defendants deny that the real property the subject of this action is not Landgraf's homestead and is, therefore, non-exempt real property of Landgraf or the Trust. Defendants deny that the real property the subject of this action is an urban homestead rather than a rural homestead. Defendants deny for want of information all other averments of fact set out in Paragraph 8.2.

38.    *Response to Paragraph 9.1:*    Defendants deny that the Plaintiffs are entitled to injunctive relief to prevent Defendants from further alienating and transferring assets, and from encumbering existing assets of Defendants, or assets subject to Defendants control. Defendants deny that they have violated the *Uniform Fraudulent Transfer Act*. Defendants deny for want of information all other averments of fact set out in Paragraph 9.1

39.    *Response to Paragraph 9.2:*    Defendants deny that the Plaintiffs have alleged a cause of action against Defendants arising from a valid and subsisting judgment or have shown a probable right of recovery and likelihood of success on the merits. Defendants deny that failure to grant the requested relief would allow Defendants to put assets beyond the reach of Plaintiffs or render this litigation ineffectual. Defendants deny that there is no adequate remedy at law or that Plaintiffs will suffer imminent, irreparable harm without Court intervention.

Copy from re:SearchTX

40.    *Response to Paragraph 9.3:*    Defendants deny all of the averments of fact set out in Paragraph 9.3.

41.    *Response to Paragraph 9.4:*    Defendants deny all of the averments of fact set out in Paragraph 9.4.

## SECOND DEFENSE

42.    The statements of facts set out in numbered Paragraphs 1-41 are incorporated herein by reference as if set out herein.

43.    Landgraf's conveyances were of property exempt from execution and attachment under Texas Constitution, Article XVI, §§ 49-51, and Tex. Prop. Code §§ 41.001-41.002  and federal bankruptcy laws.

44.    Landgraf's conveyances were not transfers within the meaning of the *Texas Uniform Fraudulent Conveyances Act.*

## THIRD DEFENSE

45.    The statements of facts set out in numbered Paragraphs 1-44 are incorporated herein by reference as if set out herein.

46.    Pursuant to the *First Amended and Restated Trust Agreement* executed April 2, 2015, the Trust is revocable by Landgraf at any time during his lifetime, at which time all property held by the Trust must be turned over to him.

– 12 –

Copy from re:SearchTX

47.     Pursuant to the *First Amended and Restated Trust Agreement* executed April 2, 2015, Landgraf may withdraw any amount of property from the Trust at any time.

48.     Landgraf's conveyance of property to the Trust was not a transfer within the Texas *Uniform Fraudulent Conveyances Act* as a matter of law.

### FOURTH DEFENSE

49.     The statements of facts set out in numbered Paragraphs 1-48 are incorporated herein by reference as if set out herein.

50.     Landgraf holds personal assets in Individual Retirement Accounts (IRAs) which were inherited.

51.     Landgraf holds personal assets in Individual Retirement Accounts (IRAs) which have never been transferred by Landgraf to any entity.

52.     Landgraf's IRAs are exempt assets under Tex. Property Code § 42.0021 and federal bankruptcy laws.

53.     Plaintiffs' requested injunctive relief would prevent Landgraf from using money that was never transferred from his ownership and are not transferrable within the meaning of the Texas *Uniform Fraudulent Conveyances Act.*

– 13 –

Copy from re:SearchTX

## FIFTH DEFENSE

54.    The statements of facts set out in numbered Paragraphs 1-53 are incorporated herein by reference as if set out herein.

55.    Plaintiffs I.B. and J.S. procured the judgment in Case No. 4:14-cv-00708 in the United States District Court for the Eastern District of Texas by misrepresentation.

56.    Plaintiffs caused the removal of records from Landgraf's property, which Defendants state on information and belief that Plaintiffs possess, which records are essential to enable Defendants to defend this action.

57.    Plaintiffs should be denied relief because of unclean hands.

## SIXTH DEFENSE

58.    The statements of facts set out in numbered Paragraphs 1-57 are incorporated herein by reference as if set out herein.

59.    Plaintiffs' TRO and injunction will deny Landgraf his due process rights under 42 U.S.C. § 1983 under color of law, because it will deny him the right to use and enjoyment of assets which are undeniably exempt and beyond the reach of the Texas *Fraudulent Transfers Act,* in order, *inter alia*, to have reasonable access to the courts in this and in Case No. 4:14-cv-00708 in the United States District Court for the Eastern District of Texas.

– 14 –

Copy from re:SearchTX

60.    Plaintiffs' TRO and injunction will deny Landgraf his right to not be deprived of property and privileges and immunities, except by the due course of the law of the land under Art. I, § 19, of the *Texas Constitution*, because it will deny him the right to use and enjoyment of assets which are undeniably exempt and beyond the reach of the Texas *Fraudulent Transfers Act,* in order, *inter alia*, to have reasonable access to the courts in this and in Case No. 4:14-cv-00708 in the United States District Court for the Eastern District of Texas.

61.    Plaintiffs' TRO and injunction will deny Landgraf his due process rights under 42 U.S.C. § 1983 under color of law, and rights under the 6th Amendment of the *Constitution of the United States*, because it will deny him the right to use and enjoyment of assets which are undeniably exempt and beyond the reach of the Texas *Fraudulent Transfers Act,* and thus will deny him his due process right to defense counsel.

62.    Plaintiffs' TRO and injunction will deny Landgraf his rights to equal protection of the laws under the 14th Amendment of the *Constitution of the United States*, because it will deny him equal protection under the law and the right to use and enjoyment of assets which are undeniably exempt and beyond the reach of the Texas *Fraudulent Transfers Act,* a right not denied to other citizens of Texas.

– 15 –

Copy from re:SearchTX

62.     Plaintiffs' TRO and injunction will deny Landgraf his rights to equal protection of the laws under Art. I, § 3, of the *Texas Constitution*, because it will deny him the right to use and enjoyment of assets which are undeniably exempt and beyond the reach of the Texas *Fraudulent Transfers Act,* a right not denied to other citizens of Texas.

### SEVENTH DEFENSE

63.     The statements of facts set out in numbered Paragraphs 1-62 are incorporated herein by reference as if set out herein.

64.     Plaintiffs' cause of action should be dismissed on the grounds that it has no basis in law or fact within the meaning of TRCP 91a.

*[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]*

– 16 –

Copy from re:SearchTX

WHEREFORE, Plaintiffs' *Amended Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction* should be dismissed or denied, costs and fees should be assessed against Plaintiffs, and Defendants should be awarded such further relief as the Court may deem just and equitable in the premises.

Respectfully submitted,

/s/ *Matthew  Gilmartin*
Matthew Gilmartin
Attorney for Defendant
TBC # 24085145
6029 Northcliff Avenue
Brooklyn, Ohio 44144
(440) 479-8630 Telephone
(440) 398-0179 Fax
Matt7g@attnet email

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on October 11, 2017.

/s/ Matthew T. Gilmartin
Matthew Gilmartin
Attorney for Defendants
Matthew G. Landgraf &
Kevin M. Ross, Trustee

– 17 –

Copy from re:SearchTX

# TAB 20

Filed: 11/16/2017 12:00 PM
Lynne Finley
District Clerk
Collin County, Texas
By Tatiana Ortega Deputy
Envelope ID: 20759885

CAUSE NO. 296-00801-2017

| M.B., I.B. AND J.S. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 296TH JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF *et al.* | § | COLLIN COUNTY, TEXAS |

### NOTICE OF SET ASIDE OF FEDERAL JUDGMENT

Kevin Ross, individually, files this Notice of Set Aside of Federal Judgment.

1.      Kevin Ross, individually, has filed his No Evidence and, in the Alternative, Motion for Summary Judgment, which has been submitted to this Court.

2.      Plaintiffs rely upon the April 4, 2016, default judgment granted against Matthew Guy Landgraf in *M.B., I.B. and J.S. v. Matthew Guy Landgraf,* Case No. , U.S. Dist. Ct. Eastern District of Texas ("Federal Judgment").  *See* First Amended Petition, p. 7, para. 4.7, p. 9, para. 4.9, and Exhibit H.

3.      By its Memorandum Opinion and Order, dated November 15, 2017, the United States District Court set aside the Federal Judgment.  Attached is a copy of the Memorandum Opinion and Order.

4.      At pages 4-5 of the Memorandum Opinion and Order, the United States District Judge concluded that "it appears that Defendant has submitted evidence which, if proven at trial, constitutes a defense" related to plaintiffs J.S. and I.B. as the merits of the claim and as to M.B. as to damages.  Plaintiffs cannot rely on the default judgment to establish the claimed debt that forms the foundation of the fraudulent conveyance claims.

Copy from re:SearchTX

Respectfully submitted,

BENNETT, WESTON, LAJONE & TURNER, P.C.

/s/ J. Michael Weston

_____

J. Michael Weston
SBN: 21232100
1603 LBJ Freeway, Suite 280
Dallas, Texas 75234
214.691.1776
Fax:  (214) 373-6810
jmweston@bennettweston.com

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this Answer was

served on plaintiffs and all other parties electronically by the filing of this

pleading on this 16th day of November 2017.

/s/ J. Michael Weston

_____

Copy from re:SearchTX

# TAB 21

Cause No. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, FOR | § | |
| THE USE AND BENEFIT OF | § | 296TH JUDICIAL DISTRICT |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| and STi REAL ESTATE, LLC | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## ORDER GRANTING TEMPORARY INJUNCTION IN PART AND DENYING TEMPORARY INJUNCITON IN PART

On March 22, 2017, came on to be considered the request of Plaintiffs M.B., I.B. and J.S. for a temporary injunction against Defendants, Matthew Guy Landgraf, Kevin M. Ross, Trustee, for the Use and Benefit of Matthew Guy Landgraf, Kevin M. Ross, Individually, STi Family Holdings, LP, STi Family Management, LLC and STi Real Estate, LLC, in the above-entitled and numbered cause in order to preserve the status quo during the pendency of this action. Plaintiffs appeared through their attorneys.  Defendants Matthew Guy Landgraf and Kevin M. Ross, Trustee, for the Use and Benefit of Matthew Guy Landgraf,

ORDER GRANTING TEMPORARY INJUNCTION IN PART
AND DENYING TEMPORARY INJUNCTION IN PART                                    **Page 1 of 5**
3780446_4/10363-365700

Page 237 of 276

appeared through their attorney.   Defendant Kevin M. Ross, Individually, appeared through his attorney.

The Court finds that Defendants Matthew Guy Landgraf, STi Family Holdings, LP, STi Family Management, LLC and STi Real Estate, LLC have consented to the temporary injunction, ~~On considering the evidence received and~~ as follows:

~~the argument of counsel, the Court finds and concludes that Plaintiffs will probably prevail on the trial of this cause; that Defendant Kevin M. Ross, Trustee, for the Use and Benefit of Matthew Guy Landgraf, intends to directly or indirectly, absolutely or conditionally, voluntarily or involuntarily, dispose of or part with the assets of Defendant Kevin M. Ross, Trustee, for the Use and Benefit of Matthew Guy Landgraf , or any interest in such assets, or create a lien against or encumber any asset of the Defendant as soon as possible and before the Court can render judgment; that if the Defendant carries out that intention, he will likely alter that status quo and tend to make ineffectual a judgment in favor of Plaintiffs, in that it would place the Defendant's assets beyond the reach of the Plaintiffs, and would necessitate further and continuing litigation; and that unless Defendant Kevin M. Ross, Trustee, for the Use and Benefit of Matthew Guy Landgraf, is deterred from carrying out that intention, Plaintiffs will be without any adequate remedy at law.~~

**ORDER GRANTING TEMPORARY INJUNCTION IN PART
AND DENYING TEMPORARY INJUNCTION IN PART**
3780446_4/10363-365700

Page 2 of 5

The Court further finds that Plaintiffs' request for temporary injunction against Kevin M. Ross, Individually, should be denied.

IT IS, THEREFORE, ORDERED that Matthew Guy Landgraf, Kevin M. Ross, Trustee, for the Use and Benefit of Matthew Guy Landgraf, STi Family Holdings, LP, STi Family Management, LLC and STi Real Estate, LLC, and their agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them, be and are hereby commanded to desist and refrain from the following until judgment in this cause is rendered by this Court:

a.    directly or indirectly, absolutely or conditionally, voluntarily or involuntarily, disposing of or parting with any non-exempt assets of the Defendants or any interest in such assets;

b.    directly or indirectly, absolutely or conditionally, voluntarily or involuntarily, disposing of or parting with any non-exempt assets or any interest in such assets over which the Defendants exercise control, directly or indirectly;

c.    leasing any non-exempt assets of the Defendants or any non-exempt assets over which the Defendants exercise control, directly or indirectly; and

d.   creating a lien against or encumbering any asset of the *non-exempt* Defendants or any assets over which the Defendants exercise control, directly or indirectly *non-exempt*.

~~Notwithstanding the foregoing, the Defendants shall be permitted to make expenditures for the following~~:

1.   Reimbursement to Matthew T. Gilmartin, attorney for Defendants Matthew Guy Landgraf and Kevin M. Ross, Trustee, for the Use and Benefit of Matthew Guy Landgraf, for travel expenses in the amount of $1,000.00. All other requests for payment of attorney's fees and expenses shall be submitted to Judge Roach for consideration.

2.   Payment of taxes, insurance and other like expenses necessary to the preservation and maintenance of the property held by the Defendants. This does not include payment of attorney's fees not authorized by written order of the Court.

IT IS FURTHER ORDERED that Plaintiffs' request for temporary injunction against Kevin M. Ross, Individually, is denied.

IT IS FURTHER ORDERED that trial on the merits of this cause is ordered set for *March 4, 2019* .

IT IS FURTHER ORDERED that this order is effective as ~~of the date of~~ *as of the date of entry, April 16, 2018. Plaintiffs* ~~rendition on March 22, 2017, Plaintiff having~~ previously delivered a bond in the *acknowledge that* ~~this basis for a notion of enforcemt~~ *they will not bring* ~~under this Temporary Injunction in inch lies prior to~~ *for actions occurring prior to its entry.*

**ORDER GRANTING TEMPORARY INJUNCTION IN PART AND DENYING TEMPORARY INJUNCTION IN PART**
3780446_4/10363-365700

Page 4 of 5

amount of One Hundred and 00/100 dollars ($100.00), which bond shall be ~~increased to $5000.00~~ *increased to $5000.00* ~~deemed extended to this temporary injunction~~.

The Clerk shall forthwith, ~~having previously approved the bond~~ *upon deposit of the additional bond* according to

law, issue a temporary injunction in conformity with the law and the terms of this

Order.

SIGNED ___*April 4*___, 2018.

_____
PRESIDING JUDGE

AGREED AS TO FORM:

_____
Tracey L. Williams
Attorney for Plaintiffs

_____
Matthew T. Gilmartin
Attorney for Defendants

**ORDER GRANTING TEMPORARY INJUNCTION IN PART
AND DENYING TEMPORARY INJUNCTION IN PART**
3780446_4/10363-365700

**Page 5 of 5**

TAB 22

## Certificate of Additional Cash Deposit In Lieu of Surety Bond

M. B., I. B., J. S., Plaintiffs,                                          296th District Court

V.

Matthew Guy Landgraf, Kevin M. Ross, Trustee,                Of Collin County, Texas
For The Use and Benefit of Matthew Guy
Landgraf, Kevin M. Ross, Individually, STi
Family Holdings, LP, STi Family Management,
LLC, STi Real Estate, LLC

I, Lynne Finley, Clerk of the District Courts of Collin County, Texas, do hereby certify that

In Cause No. **296-00801-2017**

**M B,I B,J S vs. Matthew Guy Landgraf, Kevin M. Ross, Trustee for the Use and Benefit of
Matthew Guy Landgraf, Kevin M. Ross, Individually, STi Family Holdings, LP, STi Family
Management, LLC, STi Real Estate, LLC**

Cash deposit in Lieu of Surety Bond in the amount of $ 4,900.00 was made the 24th day of April,
2018, by Peckar & Abramson for $2,450.00 and Matthews, Shiels, Knott, Eden, Davis & Beanland,
L.L.P. for $2,450.00 on behalf of M B, I B, and J S. Cash Bond was increased from the original bond
of $100.00 to $5,000.00 pursuant to Order Granting Temporary Injunction in Part and Denying
Temporary Injunction in Part, signed April 16th, 2018.

Witness my hand and seal of said court on this the 24th day of April, 2018.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _Cynthia Coleman_, Deputy
Cynthia Coleman



**Lynne Finley, Collin County District Clerk**
**2100 Bloomdale Road Suite 12132**
**McKinney TX 75071**
**(972)424-1460 ext 4320**
**(972)548-4320**

Payor
Peckar & Abramson
8080 North Central Expressway, Suite 1600, LB 65
Dallas TX 75206

Receipt No.
**DC-14574-2018**

Transaction Date
04/24/2018

| Description | Amount Paid |
|---|---|

On Behalf Of  B, M
296-00801-2017
M B,I B,J S vs. Matthew Guy Landgraf,Kevin M. Ross, Trustee for the Use and Benefit of Matthew Guy
Landgraf, Kevin M. Ross, Individually, STi Family Holdings, LP,STi Family Management, LLC,STi Real
Estate, LLC
TRO

| | Amount |
|---|---|
| Civil Bond | 2,450.00 |
| **SUBTOTAL** | **2,450.00** |
| **PAYMENT TOTAL** | **2,450.00** |
| Check (Ref #1048) Tendered | 2,450.00 |
| Total Tendered | **2,450.00** |
| Change | 0.00 |

| 04/24/2018 02:21 PM | Cashier Station CCO | Audit 6160951 |
|---|---|---|

# OFFICIAL RECEIPT

# OFFICIAL RECEIPT



**Lynne Finley, Collin County District Clerk**
**2100 Bloomdale Road Suite 12132**
**McKinney TX 75071**
**(972)424-1460 ext 4320**
**(972)548-4320**

Payor
Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, TX 75251

Receipt No.
**DC-14577-2018**

Transaction Date
04/24/2018

| Description | Amount Paid |
|---|---|

On Behalf Of  B, M
296-00801-2017
M B,I B,J S vs. Matthew Guy Landgraf,Kevin M. Ross, Trustee for the Use and Benefit of Matthew Guy
Landgraf, Kevin M. Ross, Individually, STi Family Holdings, LP,STi Family Management, LLC,STi Real
Estate, LLC
TRO

| | |
|---|---|
| Civil Bond | 2,450.00 |
| **SUBTOTAL** | **2,450.00** |

**PAYMENT TOTAL** | **2,450.00**

| | |
|---|---|
| Check (Ref #32663) Tendered | 2,450.00 |
| Total Tendered | **2,450.00** |
| Change | 0.00 |

04/24/2018        Cashier                Audit
02:22 PM          Station CCO            6160957

# OFFICIAL RECEIPT

# TAB 23

Filed: 1/8/2019 2:05 PM
Lynne Finley
District Clerk
Collin County, Texas
By Brittany Tucker Deputy
Envelope ID: 30205728

CAUSE NO. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 296th JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, | § | |
| FOR THE USE AND BENEFIT OF | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| STi REAL ESTATE, LLC, | § | |
| | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' COUNSEL'S
## AMENDED MOTION TO WITHDRAW

Defendants' Counsel's Amended Motion to Withdraw, that was filed by Counsel for the Defendants Matthew G. Landgraf and Kevin M. Ross, Trustee for the Use and Benefit of Matthew G. Landgraf ("Trust"), Matthew Gilmartin.

Matthew G. Landgraf sent a letter dated December 7th, 2018 discharging Matthew Gilmartin. Kevin Ross, Trustee, sent an email to Mr. Gilmartin on December 5th, 2018, consenting to Mr. Gilmartin's withdrawal. Counsel for the Plaintiffs, Tracey Williams, informed Mr. Gilmartin that she had no objection to his motion.

Therefore, pursuant to TRCP § 10, *Withdrawal of Attorney*, the Amended Motion to Withdraw is granted without a hearing, per Local Rule 4.3(c)(1). The Docket shall note that Matthew Gilmartin is no longer counsel in case for the Defendants Matthew G. Landgraf and Kevin M. Ross, Trustee for the Use and Benefit of Matthew G. Landgraf ("Trust").

IT IS SO ADJUDGED, ORDERED & DECREED.

_____
JUDGE                    1/22/2019

# TAB 24

Filed: 2/14/2019 10:36 AM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 31193636

Cause No. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, FOR | § | |
| THE USE AND BENEFIT OF | § | 296TH JUDICIAL DISTRICT |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| and STi REAL ESTATE, LLC | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## PLAINTIFFS' MOTION TO ABATE
## PENDING ADJUDICATION OF UNDERLYING CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, and file this Motion to Abate Pending Adjudication of Underlying Claim and would respectfully show as follows:

1.    On April 4, 2016, Plaintiffs obtained a default judgment against Matthew Guy Landgraf in *M.B., I.B. and J.S. v. Matthew Guy Landgraf*, Case No. 4:14-cv-00708, in the United States District Court in the Eastern District of Texas.

2.    Plaintiffs thereafter filed this suit on February 16, 2017.

3.    By its Memorandum Opinion and Order, dated November 15, 2017, the United States District Court set aside the Federal Judgment.

Copy from re:SearchTX

4.      The present case is scheduled for trial on March 4, 2019.  The Federal case remains pending and is not scheduled for final trial before that date.

5.      Although a judgment is not a pre-requisite to filing suit under the Texas Uniform Fraudulent Transfer Act,[1] relief cannot be granted under the Act until the claim has matured to judgment.[2]

6.      Plaintiffs request this matter be abated pending entry of judgment in the underlying civil proceeding.

**PRAYER**

WHEREFORE, Plaintiffs request that the Court enter an Order abating the current action, and grant them such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,
**PECKAR & ABRAMSON, P.C.**


By:    */s/ Tracey L. Williams*
    Tracey L. Williams
    State Bar No. 24031954
    twilliams@pecklaw.com
    Timothy D. Matheny
    State Bar No. 24000258
    tmatheny@pecklaw.com

---

[1] *Hollins v. Rapid Transit Lines, Inc.*, 440 S.W.2d 57, 60 (Tex. 1969).
[2] *Colonial Leasing Co. v. Logistics Control Group Int'l*, 762 F.2d 454, 460 (5th Cir. 1985)

Copy from re:SearchTX

8080 N. Central Expressway
Suite 1600, LB 65
Dallas, Texas 75206-1819
(214) 523-5100 Telephone
(214) 521-4601 Facsimile

*-and-*

**MATTHEWS, SHIELS, KNOTT,
EDEN, DAVIS & BEANLAND, LLP**


By:   */s/   Robert J. Davis*
    Robert J. Davis
    Texas Bar No. 05543500
    bdavis@mssattorneys.com
    Daniel A. Knott
    Texas Bar No. 11622700
    dknott@mssattorneys.com

8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972)234-3400 Telephone
(972) 234-1750 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

Copy from re:SearchTX

## **CERTIFICATE OF CONFERENCE**

Defendant Matthew Guy Landgraf is an inmate at the Federal Bureau of Prisons and is currently *Pro Se*. Counsel for Plaintiffs has no meaningful or convenient way to confer with the Defendant.

Counsel for Plaintiffs emailed Michael Weston, attorney for Kevin Ross, on February 12, 2019 and asked whether his client was opposed to the relief requested in this motion. No response was received. Another email was sent (via Matthew Weston) on February 13, 2019. No response has been received. Therefore, Plaintiffs counsel presumes the Defendant is unopposed.

Certified this 14th day of February, 2019.

*/s/ Tracey L. Williams*
Tracey L. Williams

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of *Plaintiffs' Motion to Abate* has been forwarded to all parties and counsel of record in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this the 14th day of February, 2019.

*/s/ Tracey L. Williams*
Tracey L. Williams

---

Copy from re:SearchTX

# TAB 25

Filed: 2/14/2019 10:35 AM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 31193636

Cause No. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, FOR | § | |
| THE USE AND BENEFIT OF | § | 296TH JUDICIAL DISTRICT |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| and STi REAL ESTATE, LLC | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFFS' MOTION TO ABATE PENDING ADJUDICATION OF UNDERLYING CLAIM

On this day came on for consideration Plaintiffs' Motion to Abate Pending Adjudication of

Underlying Claim.   The Court considered the Motion and the arguments of counsel, and the Court

finds the Motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED that the Motion to Abate Pending Adjudication of

Underlying Claim is hereby GRANTED, and this case is hereby abated until further order of this

Court.

SIGNED _____2/14/2019_____.

_____
JUDGE PRESIDING

---

*Order Granting Plaintiffs' Motion to Abate*                                    *Page Solo*

# TAB 26

Filed: 2/20/2019 1:30 PM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 31336401

CAUSE NO. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. AND J.S. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 296TH JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF *et al.* | § | COLLIN COUNTY, TEXAS |

### ORDER APPROVING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT, KEVIN M. ROSS

On this the __21__ day of February , ~~2017~~ ^2019^, Defendant Kevin M Ross' counsel, J.

Michael Weston, and the firm Bennett, Weston, LaJone & Turner, P.C.'s motion to withdraw is

hereby approved and ordered.

_____

Judge Presiding

2/21/2019

1   Order for Motion to Withdraw

# TAB 27

Filed: 3/27/2019 12:16 PM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 32278968

No. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B., and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | 296th JUDICIAL DISTRICT |
| | § | |
| Matthew G. Landgraf, | § | |
| | § | |
| Defendant. | § | COLLIN COUNTY, TX |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that on March 22, 2019, the United States District Court, Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") entered an Order for Relief on Petition for Bankruptcy placing Matthew G. Landgraf, Defendant/Debtor, into a bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

PLEASE TAKE FURTHER NOTICE that pursuant to section 362(a) of the Bankruptcy Code, the filing of the bankruptcy petition operates as an automatic stay of "the commencement or continuation, including issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

PLEASE TAKE FURTHER NOTICE that the Debtor reserves its right to bring an action in the Bankruptcy Court for any violation of the automatic stay under section 362(a) of the Bankruptcy Code.

Dated: March 27, 2019.                    Respectfully submitted,

SUGGESTION OF BANKRUPTCY                    - 1 -

NORRED LAW, PLLC
/s/ Clayton L. Everett
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street
Arlington, TX 76010
clayton@norredlaw.com
O: 817-704-3984 / F: 817-524-6686
ATTORNEY FOR DEBTOR

## <u>CERTIFICATE OF SERVICE</u>

     This is to certify that, on this 27th day of March 27, 2019, a copy of the above of the Suggestion of Bankruptcy was filed on the Court's electronic filing system and notice provided to all parties and/or counsel of record.

                /s/ Clayton L. Everett____

# TAB 28



**John R. Roach, Jr., Judge Presiding**
**296th District Court**
**COLLIN COUNTY, MCKINNEY TEXAS**

| TRACEY L CLOUTIER |
| PECKAR & ABRAMSON PC |
| 8080 NORTH CENTRAL EXPRESSWAY |
| SUITE 1600 LB 65 |
| DALLAS TX  75206 |

NO. 296-00801-2017

M B,I B,J S vs. Matthew Guy                    IN THE 296TH DISTRICT COURT OF
Landgraf,Kevin M. Ross, Trustee for the Use
and Benefit of Matthew Guy Landgraf,
Kevin M. Ross, Individually, STi Family
Holdings, LP,STi Family Management,
LLC,STi Real Estate, LLC

COLLIN COUNTY, TEXAS

## <u>ORDER OF DISMISSAL</u>

On the 13th day of December, 2022, after having been set on the Court's status docket, with the case

being called, and no answer from the parties, the Court finds that the above-numbered and styled cause should

be dismissed for want for prosecution.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the above-numbered and

styled cause be, and the same hereby is dismissed for **WANT OF PROSECUTION (including any monies**

**held in the Court Registry).**

SIGNED on this the 15th day of December, 2022.

/S/ John R. Roach, Jr.
296th District Court

# TAB 29

Filed: 1/13/2023 4:40 PM
Michael Gould
District Clerk
Collin County, Texas
By Gabrialla Fraide Deputy
Envelope ID: 71802951

Cause No. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | 296TH JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, FOR | § | |
| THE USE AND BENEFIT OF | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| and STi REAL ESTATE, LLC | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## PLAINTIFFS' MOTION TO REINSTATE

TO THE HONORABLE JUDGE OF THE COURT:

M.B., I.B. and J.S., Plaintiffs in the above styled and numbered cause, make this Motion to Reinstate this cause pursuant to Rule 165a of the Texas Rules of Civil Procedure, and as grounds therefor would show the Court as follows:

### I. MOTION

A.    Facts.

1.    On December 15, 2022, the Court dismissed this case for want of prosecution because of Plaintiffs' failure to appear at a status conference on December 13, 2022.

2.    Plaintiffs file this Motion while the Court has plenary power, within thirty (30) days of the dismissal. The Court, therefore, has jurisdiction to reinstate this case.

3.    Plaintiffs' failure to appear at the status conference was not intentional or the result of conscious indifference, but was due to an accident or mistake. Specifically, Plaintiffs' failure to

---

*Plaintiffs' Motion to Reinstate*                                                    *Page 1 of 10*

appear was due to a calendaring error. Additionally, Plaintiffs have no record of receiving a written notice of the hearing or notice of the Court's intent to dismiss the action and only learned of the dismissal after entry of the Order of Dismissal.

B.    Diligent Prosecution of Suit.

4.    Plaintiffs filed this lawsuit on February 16, 2017 (the "TUFTA Suit") to enforce a judgment entered on April 4, 2016 in the United States District Court for the Eastern District of Texas for civil damages for personal injuries pursuant to 18 U.S.C. § 2255 (the "Civil Suit"). The Civil Suit judgment was later registered in state court on June 17, 2016. Plaintiffs served discovery in aid of the judgment in Cause No. 296-02629-2016 on December 28, 2016.

5.    The TUFTA Suit was being actively litigated until November 15, 2017, when the United States District Court for the Eastern District of Texas entered an order setting aside the default judgment.[1] From February 2017 through November 2017, Plaintiffs served at least twelve (12) discovery requests and at least ten (10) discovery responses to the Defendants, Plaintiffs sought and obtained a Temporary Injunction, successfully defended a Motion to Dismiss Baseless Cause of Action and Motion for Summary Judgment filed by one of the Defendants in this case.

6.    On November 16, 2017, Defendant Kevin Ross, Individually, filed a Notice of Set Aside of Federal Judgment. On November 21, 2017, Defendant Landgraf filed a plea in abatement and motion to dismiss in Cause No. 296-02629-2016, which was set for hearing on April 3, 2018. An agreed order dismissing the foreign judgment action was entered on April 4, 2018.

7.    Defendant Landgraf filed his answer in the Civil Suit on November 27, 2017 and the case was being actively litigated by the parties up until the Defendant filed for bankruptcy protection

on March 22, 2019.  In connection with that case, Plaintiffs conducted discovery, including third party discovery to various private and governmental entities and individual witnesses, as well as motions to compel compliance with same.  Both parties had filed motions for summary judgment. On March 26, 2019, an Order denying the Defendant's Motion for Summary Judgment was entered in the Civil Suit.  The next day, Movants filed a Suggestion of Bankruptcy in the Civil Suit.  An order staying the Civil Suit was signed on March 28, 2019.

8.      At the time of filing of the Defendant's Voluntary Petition for Bankruptcy on March 22, 2019, the Civil Suit was set for final pre-trial conference on May 2, 2019[2], with trial to be set at that time.  Furthermore, Plaintiffs' Uncontested Motion for Summary Judgment was pending and was ripe for determination.

9.      This action was set for trial on March 4, 2019.  On February 14, 2019, Plaintiffs filed a Motion to Abate this case pending adjudication of underlying claim because relief could not be granted under the Texas Uniform Fraudulent Transfer Act until the underlying claim had matured to judgment.  This Court signed an Order Granting Plaintiffs' Motion to Abate Pending Adjudication of Underlying Claim on February 14, 2019.  Plaintiffs do not believe this case has ever been reinstated as an active case on the Court's docket.

10.      A suggestion of bankruptcy was filed in this case on March 27, 2019 by attorneys for Matthew Guy Landgraf, the bankruptcy Debtor in bankruptcy case No. 19-41155 (the "Bankruptcy Case").  Plaintiffs filed a Motion for a 2004 Examination of the Debtor on June 28, 2019.  An

---

[1] The Defendant filed a Motion for Relief from the Judgment one year to the day after the default judgment was entered, by and through his attorney Matthew Gilmartin.
[2] The case was originally set for final pre-trial conference on November 30, 2018 with trial to be held between January 7, 2019 and February 1, 2019.  On October 5, 2018, the Court reset the pre-trial conference to March 1, 2019, with a trial window between April 1, 2019 and April 26, 2019.  Thereafter on February 19, 2019, the Court reset the pre-trial conference to March 1, 2019 but did not provide a new trial window.

---

*Plaintiffs' Motion to Reinstate*                                                          *Page 3 of 10*

Agreed Order was entered on the Motion on July 3, 2019.  The deposition took place on July 31,

2019 at the Federal Bureau of Prisons in Fort Worth, Texas.  Plaintiffs also filed a Motion for 2004

Examination of Kevin Ross on July 24, 2019 and conducted other third-party discovery.  The Court

set the Motion for hearing on August 28, 2019 and entered an order granting the Motion on

September 4, 2019.  Plaintiffs issued their Notice of Subpoenas on September 6, 2019.  The

deposition was conducted on November 18, 2019.

11.     On August 15, 2019, Plaintiffs filed an adversary proceeding in the Bankruptcy Case

for a determination of dischargeability and objecting to the Debtor's Discharge.

12.     On December 15, 2019, the bankruptcy Trustee filed a Motion for Summary

Judgment on her Objections to Debtor's Exemptions, to which Plaintiffs joined in support by way of

Brief and Reply and attendance at the hearing held on February 11, 2020.

13.     On March 2, 2020, Plaintiffs filed a Motion for Relief from Stay in the Bankruptcy

Case seeking leave to pursue their pending Summary Judgment in the Civil Suit, thereby

determining the liability of the Defendant and liquidating their claims pending therein.  The Motion

expressly excluded enforcement of the judgment.  On March 25, 2020, the Bankruptcy Court signed

an Order Granting the Motion for Relief from Stay.

14.     On April 10, 2020, Plaintiffs filed a Motion to Reinstate Case on Active Case Docket

and For Ruling on Plaintiffs' Motion for Summary Judgment [Dkt. 135] and Plaintiffs' First

Supplemental Motion for Summary Judgment [Dkt. 144].  On May 5, 2020, the Court signed a

Memorandum Opinion and Order granting Plaintiffs' Motions.  On May 19, 2020, Plaintiffs filed

their short form Motion for Attorney's Fees and Costs and Motion for Extension of Time to File.

Plaintiffs thereafter filed their Motion for Award of Attorney's Fees and Costs and Brief in Support

on June 2, 2020 and Supplemental Motion for Costs on June 29, 2020.

---

15.     On May 25, 2020, Plaintiffs filed a sealed Motion for Summary Judgment and Brief in Support in their adversary action to determine dischargeability of their claims. Plaintiffs amended their adversary complaint on June 11, 2020. On July 31, 2020, the Bankruptcy Court signed an Order Granting Plaintiffs' Motion for Summary Judgment and a Final Judgment in the adversary proceeding determining Plaintiffs' Judgment Debt was non-dischargeable.

16.     Counsel for Plaintiffs appeared for a status conference on August 26, 2020 to apprise the Court of the pending actions.

17.     On September 11, 2020, a Memorandum Opinion and Order and Final Judgment were entered in the Civil Suit.

18.     On September 28, 2020, the Bankruptcy Court signed a Memorandum Opinion and Order which granted the Trustee's Motion for Summary Judgment on the Debtor's homestead objection in part and overruling it in part. On January 13, 2021, the Court entered an Amended Opinion and Order. Thereafter, the Trustee entered into a settlement agreement with the Debtor for the sale of certain real property owned by the Debtor, which was approved by the Court on February 25, 2021. Thereafter, the Debtor began marketing the real property for sale in connection with the settlement agreement.

19.     Counsel for Plaintiffs appeared for a status conference on January 5, 2021 to apprise the Court of the pending actions.

20.     Counsel for Plaintiffs appeared for a status conference on August 31, 2021 to apprise the Court of the pending actions.

21.     Counsel for Plaintiffs appeared for a status conference on June 28, 2022 to apprise the Court of the pending actions.

22.    The bankruptcy case remains pending as of the filing of this Motion and the bankruptcy stay remains in effect as to Defendant Landgraf and his property. There is currently a second contract for sale pending, with a feasibility period that ends January 20, 2023 and tentative closing date of February 1, 2023. The Trustee previously agreed to allow the Debtor until January 31, 2023 to sell the real property before the bankruptcy Trustee will intervene to sell the property.

23.    Plaintiffs are interested in pursuing this action against the Defendants and, if this Motion for Reinstatement is granted, the Plaintiffs will file a Motion to Lift Stay in the bankruptcy court in order to proceed with prosecution of this matter. Such Motion will necessarily require a carveout of the Settlement Agreement between the Trustee and the Debtor; otherwise its approval is certain to be denied.

C.    Authority for Dismissal.

24.    'The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). "However, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority." *Id.* "Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record…." Tex. R. Civ. P. 165a(1). "The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process." *Franklin v. Sherman I.S.D.*, 53 S.W.3d 398, 401 (Tex. App—Fort Worth 2001, pet. denied). "The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Villarreal*, 994 S.W.2d at 630.

---

*Plaintiffs' Motion to Reinstate*                                                    *Page 6 of 10*

25.    "The Fifth Circuit has held any action toward the dismissal of a case, even a sua sponte action, is an 'act toward the disposition of the case and hence may be construed as a "continuation" of a judicial proceeding.'" *Sanchez v. Hester*, 911 S.W.2d 173, 175 (Tex. App.—Corpus Christi 1995, orig. proceeding).    "Section 362 of the Bankruptcy Code provides that a bankruptcy petition operates to stay 'the commencement or continuation' of all contemporaneous claims and proceedings 'against the debtor.'" *Id.*    Actions taken in violation of the automatic stay are void.  *Id.* at 176.  *See also Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.).

26.    "Ordinarily, an automatic stay does not apply in favor of nondebtors...." *Brashear*, 302 S.W.3d at 548-549. "[T]o take advantage of the automatic stay, a nondebtor must demonstrate either (1) that there is such an identify between the debtor and the nondebtor that the debtor could be said to be the true defendant and a judgment against the nondebtor would be, in effect, a judgment or finding against the debtor, or (2) that extending the stay for the benefit of the nondebtor would contribute to the debtor's rehabilitation efforts." *Id.* "The automatic stay encompasses a 'wide swath of legal actions, including litigation, lien enforcement, and administrative proceedings, that *could* affect or interfere with the property of the bankrupt's estate." *Houston Pipeline Co. LP v. Bank of Am., N.A.*, 213 S.W.3d 418, 425 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "Specifically, [t]he stay [must ensure] that the debtor's affairs will be centralized, initially, in a *single forum* in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another." *Id.* "The automatic stay applies to nondebtors when 'the allegations against [the debtors and nondebtors] arise from the same factual and legal basis." *Id.*

---

D.    <u>Reinstatement.</u>

27.    After dismissal, if the Plaintiff files a motion to reinstate showing that it was reasonably diligent in prosecuting the suit, the Court should grant the motion and reinstate the case. *See MacGregor v. Rich*, 941 S.W.2d 74, 76 (Tex. 1997).

28.    The Court should reinstate this case because Plaintiffs have diligently prosecuted this case as set out above.    Additionally, counsel for Plaintiffs has examined its file and found no evidence that Plaintiffs received notice of the Court's intent to dismiss.    Finally, Plaintiffs' failure to appear at the December 13, 2022 status conference was due to an accident or mistake, and was not intentional or the result of conscious indifference.    Specifically, Plaintiffs' failure to appear was due to a calendaring error.    The usual and customary procedure of Plaintiffs' counsel is to docket all hearings and notices of hearing and other settings upon receipt.    However, the subject status conference was not docketed and, as a result, Plaintiffs' counsel failed to appear.

## II. PRAYER

Therefore, Plaintiffs respectfully request that this Motion be set for hearing and, that upon hearing hereof, that the Court grant same, reinstate the cause upon the trial docket of the Court, and grant such other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

**PECKAR & ABRAMSON, P.C.**

By: _Tracey L. Williams_

Tracey L. Williams
State Bar No. 24031954
twilliams@pecklaw.com
Timothy D. Matheny
State Bar No. 24000258
tmatheny@pecklaw.com

8080 N. Central Expressway
Suite 1600, LB 65
Dallas, Texas 75206-1819
(214) 523-5100 Telephone
(214) 521-4601 Facsimile

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all known parties and/or counsel of record, pursuant to the TEXAS RULES OF CIVIL PROCEDURE on this the 13th day of January 2023.

_Tracey L. Williams_

Tracey L. Williams

---

<u>VERIFICATION</u>

STATE OF TEXAS     §
          §
COUNTY OF DALLAS    §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Tracey L.

Williams, the affiant, a person whose identity is known to me.  After I administered an oath to her,

she testified:

    "My name is Tracey L. Williams.  I am capable of making this verification.  I have read the

foregoing Motion for Reinstatement.  The facts stated in it are within my personal knowledge and

are true and correct."

              _Tracey L. Williams_
              Tracey L. Williams


    SUBSCRIBED and SWORN TO BEFORE ME on this 13th day of January 2023, to certify

which witness my hand and official seal.

```
┌─────────────────────────────┐
│        JAMIE BOQUET          │
│ Notary Public, State of Texas│
│   Comm. Expires 04-26-2025   │
│     Notary ID 11758360       │
└─────────────────────────────┘
```
            _Jamie Boquet_
            Notary Public, State of Texas

---

*Plaintiffs' Motion to Reinstate*               *Page 10 of 10*

Page 274 of 276

# TAB 30

Filed: 1/18/2023 4:27 PM
Michael Gould
District Clerk
Collin County, Texas
By Gabrialla Fraide Deputy
Envelope ID: 71960721

Cause No. 296-00801-2017

| | | |
|---|---|---|
| M.B., I.B. and J.S., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | 296TH JUDICIAL DISTRICT |
| | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, TRUSTEE, FOR | § | |
| THE USE AND BENEFIT OF | § | |
| MATTHEW GUY LANDGRAF, | § | |
| KEVIN M. ROSS, Individually, | § | |
| STi FAMILY HOLDINGS, LP, | § | |
| STi FAMILY MANAGEMENT, LLC | § | |
| and STi REAL ESTATE, LLC | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## ORDER GRANTING REINSTATEMENT

On this day, came on for consideration the Plaintiff's Motion to Reinstate, and the Court,

considering same, finds that Motion is well-taken and should be granted.  It is, therefore,

ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion to Reinstate be, and it is

hereby, GRANTED in all respects, and this cause is hereby reinstated on the Court's docket.

Signed this _____ day of ____1/30/2023____, 2023.

_____
JUDGE PRESIDING